Horine *v.* Woods.

---

MAY 7, 1803.

# Michael Horine *et al. v.* John Woods *et al.*

*Upon a writ of error to reverse a judgment of the Court of Quarter Sessions of Lincoln county.*

1. In an action upon an agreement containing mutual and dependant covenants, the plaintiff must aver performance, or a tender of performance on his part, otherwise his declaration will not state a cause of action.

2. No judgment can be rendered against appearance bail, unless the sheriff's return shows that he has taken such bail, and has returned the bond to the office.

3. A release of errors in a judgment by the principal does not bind the bail, who may avail himself of any error in the judgment, notwithstanding such release.

4. A joint judgment against several being an entirety can not be reversed as to one defendant therein and affirmed as to another.

The following errors are assigned in this case, which are deemed sufficient to reverse the judgment. 1st. There is no averment in the declaration of the performance, or readiness to perform the condition precedent, which alone entitled the plaintiffs below to their action. 2dly. There is judgment entered against Casper Pope, as the appearance bail for Jacob Myers (one of the defend-

ants), when no bail bond is returned by the sheriff, showing that the said Pope had entered into such undertaking.

The counsel for the defendant in error seemed to admit that errors existed in the record, but insisted that they were released; to prove which he produced a release executed by Michael Horine, one of the defendants below, and cited authorities to prove that a release to one obligor was a release to all, both in law and equity, and argued that, for the same reason, a release by one obligor should bind all. The principle laid down in the authorities cited is well established, and without deciding on the deduction drawn from it, doubts must be entertained on the propriety of extending it to the bail; for it is conceived there does not exist the same privity between principal and bail as exists between co-obligors, and much less between the bail of one defendant and a different defendant in the same suit; therefore, the release executed by Horine, one of the defendants, can not bar Pope, who was bail for Myers, another defendant, from pursuing any legal steps to relieve himself from an erroneous judgment, and according to the decisions both of the court of appeals in Virginia and this court, a judgment being an entire thing, can not be reversed as to one defendant and affirmed as to another. It is, therefore, adjudged and ordered, that the judgment aforesaid be reversed with costs, and the cause remanded to the Lincoln circuit court for new proceedings to be had, and to commence by amending the declaration, which is ordered to be certified to the said court.