NelsoN, J.,
delivered the opinion of the Court.
Forbes recovered three judgments on the 1st of July, 1868, before a Justice, against W. S. Jackson; and Noth-childs, within the time prescribed by law, became stayor of execution in each case. But, on the 30th of July, 1868, before the expiration of the time allowed by law for stay, executions were issued against Jackson as principal, and Eothchilds as stayor, which were levied on the 31st of July, 1868, on the stock of goods, wares and merchandise of Eothchilds. On the 4th of August, 1868, Eothchilds presented his petition for writs of certiorari and supersedeas to J. W. Phillips, Judge of the Seventh Judicial Circuit, who issued his fiat, addressed to the Clerk of the Circuit Court at Shelbyville, directing the issuance of the writs, on the petitioner giving bond, with *15 good security, in double the amount of the execution complained of; and bond having been executed, the writs were issued accordingly on the same day. No formal motion appears m the transcript of the record to dismiss the writs; but it is shown that, at August Term, 1868,. the parties came, “by their attorneys, and, upon argument being heard, the motion to dismiss the certiorari was sustained; and, thereupon, the defendant prayed an appeal, which was granted by giving bond as required by law, which was accordingly done.” Although it is quite informal, it may, perhaps, be inferred from this entry that the motion to dismiss was duly made at the return term; and it may also be inferred from the appeal bond, which recited that the appeal was prayed to the next term of the Supreme Court to be held in Nashville, that the appeal was prayed and granted to this Court.
It is stated in the petition that a short time after the petitioner stayed the judgments, to-wit, on the 22d day of July, the plaintiff, T. M. Eorbes, made oath before the Justice, that, owing to the insufficiency, or insolvency, of petitioner, the three judgments were in danger of being lost; that notice was given to Jackson, under the statute in such cases made and provided, to appear before the Justice, on the 29th of July, 1868, and justify the stay of execution, or give other and better security, and that Jackson failed, neglected or refused to do so. Petitioner insists that in consequence of this action, he was not accepted by the plaintiff as stayor, and is exonerated from liability; but that, if this position is untenable, no execution could lawfully issue against him until after the expiration of the eight months allowed by law for the *16 stay of execution, and that it was a violation of his contract to issue it at an earlier period.
Neither of these propositions can, under the provisions of the Code, be maintained. Section 3065, which substantially re-enacts the Act of 2nd of February, 1846, e. 216, s. 2, provides that, “if the plaintiff deems his debt in danger of being lost on account of the insolvency, removal, or insufficiency of a stay-or, he may, at any time, make oath of that fact before the Justice having possession of the papers in the cause, and, upon giving the defendant two days’ written notice of the time of his application, require the defendant to justify or give other security; and, if the defendant fail to justify or to give other security to the satisfaction of the Justice, execution shall issue forthwith.”
In construing this section it is proper to consider the law as it existed prior to its passage, and also before the Act of 2d February, 1846, with the view to its correct exposition. It had been held, previous to the Act of 1842, c. 136, s. 4, that a stay of execution, entered more than two days after the judgment, was void. 2 Meigs,fT)ig., p. 657. That Act authorized the Justice to receive and enter security for the stay of the judgment at any time before payment or the issuance of execution, with the consent of the plaintiff or his agent; and the provision as to a stay at any time before payment, was transferred to the Code, 3060. This section was intended to obviate, in whole or in part, the cases of Roberts v. Cross, 1 Sneed, 233; Howard v. Brownlow, 4 Sneed, 548, and Apperson v. Smith, 5 Sneed, 373, in which it was held that a conventional stay, variant from the general *17 law, and made after the expiration of the two days allowed for staying, or after the issuance of an execution, or for part of the debt only, or for a shorter time than that allowed by law, or in a mode different from that prescribed, was nugatory and inoperative.
It is said, in Roberts v. Cross, 1 Sneed, 235, that “the stay of an execution is, in effect, a confession of judgment, and the stayor is liable under the law applicable to such judgment, and not otherwise.” What, then, is the true meaning of section 3065? Was it the intention of the Legislature to exonerate the stayor, if the fact of his insolvency, removal or insufficiency, was ascertained at any period between his confession of judgment and the time limited for the expiration of the stay, if no new surety was given? Surely not; for if such were the effect of the application of the judgment creditor, to have the solvency of the stayor adjudicated, or new security given, it would enable the stayor, either by being insolvent when he confessed judgment, or by becoming so afterward, to practice a fraud upon the creditor. The principal might be solvent at the time of entering the name of the security for stay, and yet become insolvent before the creditor could ascertain the insolvency, removal or insufficiency of the stayor; and the creditor might lose his debt, because the stayor had, by his own act, postponed his right of collection.
The Code, in section 3059, provides that the security to be entered on the Justice’s docket, shall be good and sufficient; and the very act of staying is equivalent, under this provision, to an assertion, or contract, on the part of the principal and his stayor, that the latter is solvent *18 and a good security for tbe debt. If be was not a good and sufficient security for tbe debt wben be assumed tbe relation of stayor, then his contract was broken so soon as it was made; and tbe remedy provided by the statute against the fraud or breach of contract, is tbe issuance of execution so soon as that fact is ascertained, and instead of being allowed eight months, be then became liable to pay immediately. This is not a ebange of tbe statutory contract, but is the meaning of the contract itself, as contemplated by the statute; for, on the failure to give other security, tbe Justice is directed to issue execution forthwith. The stayor is not taken by surprise, as he knows, or is presumed to know, that this is his liability when he assumes it. If he pays off the judgment, he may have a judgment over, before the Justice, against his principal, under section 3067. If he makes affidavit, in writing, that he is fearful, and believes that if execution is further stayed he will be compelled to pay the judgment, he may, under section 3063, at any time, cause the Justice to issue execution against the debtor and himself. The statutory judgment, which is, prima fade, suspended for eight months, may, therefore, become collectable at any earlier period, at the instance either of the creditor or surety, and in the mode prescribed.
Sections 3063 and 3005 must be construed together, in order to ascertain the intention of the Legislature. In the first it is directed that, at the instance of the stayor, the execution shall issue against the debtor and stayor. In the section last named, the provision is, that, at the instance of the creditor, the execution shall issue forthwith, meaning such an execution as is mentioned in the *19 previous section, 3063; an execution against the debtor and stayor. If it had been the intention to sever- the judgment, and authorize the singular proceeding of two executions on the same judgment, issuing at different periods of time, it would not have been difficult to express such intention; and, in view of the careful provisions of the statute, manifestly framed with full and accurate knowledge of the previous statutes and decisions, it is to be presumed that it would have been so expressed. This construction is aided by section 3066, which provides that “the entry of the stay on the Justice’s docket, under the provisions of the foregoing sections, is a sufficient authority to the Justice to issue execution against the defendants to the judgment, and the stayors at the proper time.
Now, if it had been the intention, in the previous sections, to award execution against the judgment debtor only, before the expiration of time limited for stay, and to suspend it as to the stayor until after the expiration of the eight months, or if it had been the intention to allow the issuance of execution against the debtor and stayor, but not to allow it at the instance of the creditor, it is to be,.presumed that this intention would have been expressed in appropriate language — in the plural, and not in the singular — and the use of the latter mode of expression is conclusive to show that the meaning of both sections is, that execution shall issue jointly against the debtor and stayor. The expression in section 3066, “at the proper time,” means at the expiration of eight months, if no steps are taken to cause an earlier issuance of the execution, but at any time within the eight months, if the stayor or creditor shall make out a .proper case to expedite its issuance.
*20 The precise point now determined was not adjudicated in Gaw v. Rawley, 3 Head, 716, which settles only the liability of the new, or second, stayor. But Judge Caruthers, who delivered that opinion, quotes the expression in the Code, that the execution shall issue “forthwith;” and if he had been of opinion that the intention was to change, as in some other cases, the ordinary rule, that the execution shall pursue the judgment, it is not improbable that the supposed new feature in the statute would have elicited observation.
Let the judgment of the Court be affirmed, the petition for certiorari be dismissed, and a judgment rendered here against the appellant and his securities in the appeal bond, for the amount of the judgment mentioned in the petition, with interest, damages and costs, pursuant to the Code, 3137.