8   169
68   636

8   169
75   388

## JOSEPH WESTENBERGER v. C. S. WHEATON.

1. REPLEVIN; *Negative Averments in Affidavit; Construction of Statute.* The requirement of the code, (fourth clause of § 177,) that the affidavit in replevin to recover the immediate possession of personal property shall state that the property sought to be replevied " was not taken in execution on any order or judgment against said plaintiff, or for the payment of any tax, fine or amercement assessed against him, or by virtue of an order of delivery issued in an action of replevin, or any other mense or final process issued against said plaintiff," is imperative. All these facts must be sworn to exist before the order of delivery can be made; and unless they do exist *as facts* the action of replevin cannot be maintained, (except in case of *exempt* property.)

2. ———— *Object of Statute; Validity of Judgment, Tax, etc., not to be questioned.* The object of the statute, (fourth clause, § 177, code,) is not solely to protect *process* in the hands of the officer to whom it is directed, and who in virtue of such process detains the property sought to be replevied. One object is, by prohibiting all such inquiry in the action of replevin, to compel the party who desires to contest the *validity* of any judgment or order of a court, or of any tax, fine, or amercement, to do so in some proper and direct proceeding for such purpose. The law affords a proper remedy in each case, one well adapted to try the question; but the action of replevin is not such remedy.

3. ———— *Exception; Exempt Property.* An exception to the rule, that property in the custody of the law cannot be replevied by the execution or attachment-debtor, is made in the case of property which by statute is exempt from seizure and sale on execution or attachment; and this exception is provided for by the *fifth* clause of said § 177 of the code. But in every such case the *validity* of the judgment and execution, or order of attachment, is not questioned, but is distinctly admitted.

4. DISCHARGE IN BANKRUPTCY; *Effect of.* An execution-debtor, whose property, not exempt from seizure under execution, has been levied upon under a writ of execution regular upon its face, and issued by proper authority, and executed by the officer to whom it is directed, cannot recover the possession of such property by an action in the

nature of replevin, for the immediate possession thereof, even though he may, after the rendition of the judgment and before the issue of the execution, have obtained a discharge in bankruptcy.

### *Error from Bourbon District Court.*

REPLEVIN, brought by *Westenberger*, as plaintiff, against *Wheaton*, as defendant. The plaintiff made and filed the affidavit required by § 177 of the civil code, and upon giving the undertaking required by § 178 he obtained an order for the immediate delivery to him of the property described in his petition and affidavit. The order was executed by the coroner, and the property delivered to *Westenberger*. *Wheaton* answered that he was the sheriff of Bourbon county, etc., and that as such sheriff he had taken the property in question, and held and detained the same, upon a writ of execution issued from the district court of Leavenworth county, and to him directed, on a judgment rendered in said court in 1866 in favor of T. E. M., and against said *Westenberger* and one Kallam, etc. The plaintiff filed a reply to said answer, not denying the allegations of defendant's answer, but alleging—*First*, That he was legally released from the claim and judgment on which the execution aforesaid was issued, by a dischaage in bankruptcy, under the laws of the United States, issued by the District Court of the United States for the District of Kansas, (setting out the discharge in full:) *Second*, That on the 22d of January, 1870, the judgment on which said execution was issued, was, by the district court of Leavenworth county, discharged, (setting forth said order in full.) To this reply defendant demurred. The court sustained the demurrer to the second clause of the reply, and overruled it as to the first. The action was tried at the June Term, 1870. A statement of the errors complained of on the trial, and a summary of the facts will be found in the opinion. Verdict in favor of *Wheaton*, and judgment in his favor for a return of the property, or, if return could not be had, then that he recover the value thereof, assessed at the sum of $6,579.42. *Westenberger* brings the case to this court for review.

*J. L. Pendery*, for plaintiff in error:

1. Where a demurrer is filed to an entire pleading, it is error to sustain it as to part and overrule it as to the balance. Seney's Code, 117; 10 How., 222; 20 Barb., 339; 23 Ark., 193.

2. Even if the demurrer had been filed to the second clause in the reply separately, it ought to have been overruled. That clause alleged a discharge of the judgment in the court where it was rendered. Whether the ground of that discharge was payment, or discharge in bankruptcy, was immaterial. In this case, the statute declares the effect of the discharge. True, the order discharging the judgment was made after the levy by defendant, but before the answer or reply was filed. Certainly, if the judgment be paid, the sheriff has not a right to recover the amount of the judgment. Gen. Stat., 112, § 3; 32 N. Y., 281; 2 Mich., 284.

3. The decision of the district court in overruling the demurrer as to the *first* clause of the reply, was reversed on the trial. On the demurrer the court held the discharge in bankruptcy to be a sufficient reply to the answer; on the trial the court ruled differently, and held that inasmuch as the sheriff had an execution regular on its face he was protected in making a levy, and that such protection entitled him to recover from plaintiff not merely his own costs, but the full amount of the original judgment and costs, whether that had been paid or no. When a judgment has been paid or discharged by bankruptcy proceedings, it is as though it never existed; and the fact that satisfaction or discharge had not been entered of record makes no difference.

4. But it is said that the plaintiff's property *was* taken by defendant under a writ of execution, and that the affidavit for the order of delivery says it *was not* so taken. The judgment was in fact *satisfied*, and hence was the same as no judgment. Besides, this does not affect the *action*. The petition need not contain the same averments as the affidavit. The latter is to obtain immediate possession. The action may proceed though immediate possession be not sought. It is sufficient if owner-

ship and right to possession in the plaintiff and wrongful detention by defendant be alleged.

It is said that a writ legal in form protects the sheriff. The sheriff is protected when he is put to no costs nor damage. It is a fearful stretching of the doctrine of protection to hold that not only must he be saved harmless, but that he must recover a large amount from one who in fact ought not to pay anything to anybody. 42 Barb., 521; 8 Iowa, 82; 20 id., 282; 43 N. H., 473; 20 Wis., 21; 8 Mass., 79; 9 Gray, 216; 1 Doug., (Mich.,) 199; 18 Mich., 239.

5. The judgment was discharged by the proceedings in the bankruptcy court. The recovery of the judgment ante-dated the passage of the bankrupt law. You cannot go back of the judgment. The prior debt is merged in the judgment debt. 2 Denio, 73; 9 Gray, 211; 3 McLeain, 317; 17 Vt., 512; 18 N. Y., 468; 2 Bankrupt Reg., 79; 32 Me., 418; 17 Conn., 580; 6 Wal., 236; 35 Ill., 152.

6. The court erred in refusing to allow plaintiff to give evidence on the trial; and in permitting defendant to show the value of the goods replevied.

*Geo. H. English*, and *Clough & Wheat*, for defendant in error:

1. There is but a single point in this case to be decided by this court; and that is, has the defendant in an execution whose property, not exempt from execution, has been levied upon under an execution regular upon its face, and issued by proper authority and executed by the officer to whom it is directed, the right to recover the possession of such property by the ordinary action of replevin? Or must he rather seek to have the execution quashed, and the levy thereunder vacated and set aside by the court out of which it issued, if from any cause whatever it has been improvidently or improperly issued?

Goods taken possession of by an officer, under an execution regular on its face, issued by proper authority, on a valid judgment, cannot be replevied by the defendant in execution. They are then in the custody of the law, and it would be

repugnant to sound principles to permit them to be so taken out of such custody. Comyn's Dig., *Replevin*, D.; 1 Chitty Pl., 163, and notes; 2 Wend., 478; 7 id., 485; 15 Johns., 402; 36 N. Y., 446; 5 Mass., 283; 2 B. Mon., 18; 4 id., 92; 3 J. J. Marsh., 124.

If process is regular on its face, it is not admissible to prove the officer knew facts rendering it void. 24 Wendell, 485; 5 Hill, 440. Nor to prove the officer has taken indemnity for the execution of the same. 1 Hill, 118. But it seems to us our statutes sufficiently enunciate this doctrine, without further authority. Civil Code, § 177.

The fourth paragraph of said § 177 requires, before an order of delivery is issued, that an affidavit be made that the property sought to be replevied "was not taken in execution on any order or judgment against said plaintiff, * * * or any other mense or final process issued against said plaintiff." It is apparent that no party will be required to swear to more facts to *procure* an order of replevin, than he would be required to prove on trial to *sustain* it; and upon the well known maxim, "*expressio unius, exclusio est alterius*," we claim that the legislature has in effect said, that no writ of replevin shall be issued in favor of a defendant in execution to recover the possession of goods, levied upon in his possession, under an execution against him.

2. That the demurrer was properly sustained to the second clause of plaintiff's reply, there can be no question; for had the so-called order discharging Westenberger been a valid one —which we deny—it could not have been pleaded as entitling him to the property at the time the action was instituted, the order having been made some *twelve days after* the action of replevin was brought.

The order *upon its face* shows that it was entirely an *ex parte* proceeding, or at least, it is wholly silent in regard to any notice or appearance on the part of the plaintiff to the hearing of said motion; nor is it contended, as we understand, by the plaintiff in this cause, that there was any such notice to, or

appearance by, the said plaintiff, on the application or motion to enter satisfaction of said judgment.

· If it be claimed that the statute (Gen. Stat., p. 112, § 3,) *requires* the court to enter a discharge of every judgment against a party who produces his discharge in bankruptcy, without reference to whether the judgment was such a debt as a discharge in bankruptcy would relieve him from liability upon, or not, we have merely to reply that if such is the true interpretation of said statute, then it is unconstitutional and void. The judgment-creditor had the right, notwithstanding any supposed discharge in bankruptcy obtained by Westenberger, to show that his debt came within one of the exceptions to the discharge; but .if this construction of the statute is correct, then he is thereby deprived of a vested right.

3. The allegations contained in the second clause of the plaintiff's reply are in the nature of the old plea of *puis darrein continuance*, which in its nature admits the allegations of the defendant's answer. Besides, he fails to deny any of the allegations in said answer. It is an abandonment of all his other causes of defense, and should this plea be decided against him it is a confession of the matters in issue, and to the same extent as if no other defense had been urged than that contained in this plea. 13 Pet., 152; 14 Wend., 161; 2 McLean, 191; 6 Blackf., 241; 3 Ala., 200; 3 Har., (N. J.,) 426; 3 Humph., 99.

4. We submit, that if the judgment on which the execution was issued was paid, satisfied, or otherwise discharged, the plaintiff's remedy was full, ample, and complete, by filing a motion in the court in which the judgment was rendered, on proper notice to the adverse party, to quash said execution. The law clearly contemplates that such method, and *such method alone*, shall be pursued by a *defendant in execution*.

Had the sheriff levied on property belonging to a *third* party, not a party defendant, we admit that such third party might have recovered possession of his property from the sheriff by the action of replevin. But if a party defendant in execution is allowed to replevy property levied on in his possession, such a course would not only be productive of the evil results men-

tioned in the cases referred to, but would frequently present the anomoly, where the property levied on did not exceed one hundred dollars in value, of a justice of the peace passing upon the validity of judgments of a court of record.

The opinion of the court was delivered by

KINGMAN, C. J.: An execution was issued against the plaintiff in error, a discharged bankrupt, and was levied upon his goods. He thereupon brought an action of replevin for the property against the sheriff, and obtained the possession of the goods so levied on. The sheriff, defendant in error, filed an answer admitting the property to have belonged to plaintiff on the 10th of January, 1870, but that on that day he as sheriff of Bourbon county by virtue of the execution, which he sets out in full, levied on the goods, and by virtue of said levy he held the goods and was entitled to the possession thereof. To this answer plaintiff filed his reply, not denying the allegations of the answer, but alleging, 1st, That he was legally released from the claim and judgment on which the execution aforesaid was issued, by a discharge in bankruptcy, under the laws of the United States, issued by the District Court for the District of Kansas, which discharge is set out in full. 2d, That on the 22d of January, 1870, the judgment on which said execution was issued was by the district court of Leavenworth county discharged. To this reply said defendant demurred, and the court sustained the demurrer to the second ground of reply and overruled it as to the first, and plaintiff excepted. On the trial the court refused to permit the plaintiff to introduce any testimony. Defendant then introduced testimony tending to show the value of the goods, and the jury were instructed to find for the defendant, to find also the value of the goods, and the defendant's interest in them at the time they were taken from him, which was the amount he was required to levy under the execution set up in the answer. To the refusal to receive the testimony offered by him plaintiff excepted; and to the testimony offered by defend-

ant plaintiff also excepted. The judgment on which the execution issued was rendered on the 19th of December, 1866, in Leavenworth county. This execution was issued on the 8th of December, 1869, and was levied on the 10th of January, 1870, and the goods were replevied the next day. The certifi-- cate in bankruptcy was issued on the 2d of January, 1868, as shown by the copy attached to the reply.

It will be observed from this summary of the record that the plaintiff does not deny any part of the answer, so that all that is new matter must be taken as true. The plaintiff by his reply sets up a discharge in bankruptcy as showing that the judgment had been discharged thereby, and also that after this suit was commenced a discharge of the judgment had been entered upon the records of Leavenworth county. But the existence of the judgment, the issue of the execution thereon, and the levy and seizure of the property thereunder, are not denied, and are to be considered as admitted facts. This state of the pleadings raises a question the decision of which will go far to dispose of all the errors alleged.

Has the defendant in an execution, regular upon its face and issued by the proper authority, and by virtue of which the officer to whom it, is directed has levied upon and taken possession of the property of such defendant, the right to recover such property by proceedings in the nature of an action of replevin? It is conceded in the argument that if the judg- 1. Affidavit for replevin; construction of statute. ment on which the execution issued, is a valid judgment, that it cannot be brought in question by this kind of action. No one can question this conclusion who will read the fourth clause of section 177 of the code, which is as follows: "That it was not taken in execution on any order or judgment against said plaintiff, or for the payment of any tax, fine, or amercement assessed against him, or by virtue of an order of delivery issued under this article, or any other *mesne* or final process issued against said plaintiff." All these facts must be sworn to exist before the order of delivery can be made; *a fortiori* they must exist

as facts.* But the clause does not confine the facts to a *valid* judgment. A valid judgment cannot be successfully contested in any way except by proceedings to set it aside. So that the object of this clause of the section is not solely to protect the process of the court when issued on a valid judg-

2. Object and purpose of statute.
ment. The object of the clause, as drawn from its language, and from other parts of the section, as well as from the history of the action known as replevin, is to compel a party who desires to contest the validity of *any* judgment or order of a court, or *any* tax, fine, or amercement, or *any* other mesne or final process so to do in some other way than by seizing property already in the custody of the law. An order of attachment is most frequently issued by the clerk under the law. If improvidently issued, and property is seized, the remedy is not tolerated of taking it out of the possession of the law, and by such a proceeding trying the *validity* of the order, or writ. A safer and more reasonable remedy exists. Much less ought the validity of a judgment to be contested in such a proceeding. If the execution is improperly issued, or the judgment-creditor wrongfully causes an execution to be issued on a satisfied or discharged judgment, the remedy is plain, and well adapted to try the question, while the action of replevin is not. And so the code has

[* As A QUESTION PRACTICE, the language of the text will scarcely be construed as requiring the plaintiff in replevin on the trial of the action to prove the negative averments required by the 4th clause of § 177 of the code, (and § 56 of the Justice's Act,) to be inserted in the affidavit, whether such averments are repeated in the petition or not. In *Carney v. Doyle,* 14 Wis., 270, the Supreme Court of Wisconsin, in an action which originated in a justice's court decided that "it is not necessary for the plaintiff to prove " "that the property he seeks to recover had not been taken for any tax or by any execution or attachment against him." These matters "must exist as facts;" but a mere *denial* by the defendant does not put 'them in issue so as to "throw upon the plaintiff the burden of proving a *negative,* or of *disproving* any justification for the taking of his property." "The object of the statute in requiring these averments," says the Wisconsin court, "was to prevent parties who knew their property had been thus taken from replevying it." But whenever a *defendant* seeks to *justify* the taking, he is required to allege and prove *affirmatively* such facts as constitute legal protection; and he may, if he can, allege and prove that the property *was taken* under legal process against the property of the plaintiff. Such proof duly made defeats replevin brought by such plaintiff, (except where the property is by law exempt,) because in such case the matters stated in the averments are shown *not* to "exist as facts," and the action cannot be maintained. See also. *Hudler v. Golden,* 36 N. Y., 446; *O'Reilly v. Good.,* 42 Barb., 521. —REPORTER.]

written the law. We may revert to the fifth clause of the
same section as an apt illustration of the legisla-
tive wisdom in the law, for it provides that where
the property taken in execution or on any order or judgment
against the plaintiff is exempt by law from being so taken
then the order may issue; for in such a case the validity of
the judgment, or order, or the execution, is not brought in
issue, and cannot be. For the purpose of such a case they
must all be admitted, and a new issue made as to property
seized under valid and regular process. Nor, under proceed-
ings under this clause, do we suppose the plaintiff could liti-
gate, by any issue he might offer, any of the steps in the
proceeding except a wrongful levy upon property not subject
thereto.

At common law if *any person* should take out a replevin for
property taken in execution issuing from a superior court, the
court would commit him for a contempt of their jurisdiction
1 Chitty Pl., 164. The code has so modified this that any
person other than the judgment-debtor, or person against whom
the process is issued, may have this remedy, because the issues
made in any such proceeding by a stranger raise no question as
to the validity or regularity of the judgment or process; and
several of the states have adopted statutes similar to ours. The
wisdom of our code on this subject, as we construe it, is vindi-
cated by the following observations, showing the utter confusion
that would result from the code if the construction should be
given to it claimed by the plaintiff in error: "If a defendant
in the execution, after judgment had been legally entered against
him upon a full and fair trial, were tolerated in bringing his
action of replevin, and by it to replevy the goods taken in exe-
cution, there might be no end to the delays which the defendant
might thus create. Justice and the end of the law would be
effectually subdued, for although the defendant in the execution
and plaintiff in the action of replevin would fail upon the trial,
and judgment would be rendered in favor of the officer for the
restoration of the property, yet the action might be again and
again renewed, and delay without end effected. To prevent

3. Exception; exempt prop-erty.

such abuses, and such contempts of the authority of courts, to prevent the monstrous absurdity of rendering the remedies afforded by law with a view to redress wrongs the means of defeating the very end to be accomplished, the defendant in an execution, who should thus pervert the action of replevin, might and ought to be severely punished for contempt." *Phillips v. Walker & Harris,* 3 J. J. Mar., 124.

A further reason against the construction claimed is, that the redress afforded by the action of replevin is not complete. The plaintiff in error is not complaining of this; but still it may be mentioned as a reason for not giving the section a construction its language will not readily bear. If replevin would lie, and the plaintiff was successful, still another execution might issue, and endless litigation ensue, unless the defendant in the execution should have the matter corrected by appropriate proceedings in the court from which the execution issued.

But it is claimed that the petition need not contain the same averments as the affidavit. The latter is to obtain immediate 4. Averments in possession. The action may proceed, though immeaffidavit must be true. diate possession be not sought. Granted. But the averments in the affidavit must be true, or replevin does not lie; and if immediate possession is not sought there is no replevin, and the supposed case is not this case. Here immediate possession was sought, and obtained. The facts admitted by the pleadings did not permit it; and therefore the court below did not err in preventing the plaintiff from introducing testimony.

Neither was there error in excluding the testimony when offered to lessen the amount of the verdict; for the plaintiff in error, if aggrieved, had a most ample remedy. Let him return the property to the custody of the law, whence he had unlawfully taken it, and correct the error by appropriate proceedings in the proper tribunal. This conclusion disposes of the whole case; for even if it was error to sustain the demurrer to one count of the reply, and overrule it as to the other, when the demurrer was to both, still it was error against the defendant in error, for both counts of the reply were bad.

VALENTINE, J., concurring. BREWER, J., not sitting.