McGlothlin v. Madden.

---

## H. H. McGLOTHLIN v. JOHN H. MADDEN.

1. REPLEVIN—*When not Maintainable; Property in Custodia Legis.* Where after the expiration of the time for which execution of the judgment of a justice of the peace has been stayed, the justice issues execution under § 12 of chapter 88 of the laws of 1870, against the judgment-debtor and the surety on the undertaking for the stay, and the constable finding no property of the judgment-debtor levies upon the unexempt property of the surety, *held,* that the latter cannot maintain an action of replevin therefor against the officer.

2. EXECUTION AGAINST SURETY, *on Justice's Judgment.* While the legislature has unquestionably the power to authorize the entry of a judgment as upon confession upon an undertaking to stay execution, it is doubtful whether further legislation directing the entry of such a judgment be not necessary before execution can properly issue against the surety on such undertaking.

*Error from Linn District Court.*

REPLEVIN, brought by *Madden*, against *McGlothlin*, to recover the possession of one horse and one colt which *McGlothlin* had seized and held upon an execution as constable. The material facts are stated in the opinion. The district court, at the October Term 1874, gave judgment upon demurrer for the plaintiff, and *McGlothlin* brings the case here on error.

*Stephen H. Allen*, for plaintiff in error.

*James D. Snoddy*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: On the 10th of June 1872, Decker & Bro. obtained a judgment before a justice of the peace against Josiah Sykes. Sykes obtained a stay of execution, Madden, defendant in error, going upon the undertaking therefor as surety. When the stay expired, the judgment still remaining unpaid, the justice issued execution against Sykes as principal, and Madden as surety, as authorized by §12 of ch. 88 of the laws of 1870, and placed the same in the hands of plaintiff in error, as constable. The latter, finding no property of the principal, levied as directed by the writ on certain personal property of the surety. The surety brought his action of replevin, claiming that said §12 was unconstitutional, and that therefore the writ was no protection to the officer. The writ was in the exact form prescribed by the statute; so that the only inquiries in the case are, whether the proceedings before the justice of the peace were such as to warrant him in issuing an execution against the surety, and if not, whether that can be determined in an action of replevin against the officer. The latter question seems to be settled by the case of *Westenberger v. Wheaton*, 8 Kas. 169. In that case the Chief Justice, giving the opinion of the court, uses this language in reference to one portion of the statute: "The object of the clause, as drawn from its language, and

from other parts of the section, as well as from the history of the action known as replevin, is to compel a party who desires to contest the validity of *any* judgment or order of a court, or *any* tax, fine or amercement, or *any* other mesne or final process, so to do in some other way than by seizing property already in the custody of the law." That language is appropriate to the facts of this case. Here was process issued from a magistrate having unquestionably jurisdiction of the subject-matter. It was in the form of final process— a writ of execution. It recited the fact of a judgment against one party, and also subsequent proceedings by another, and commanded the officer to levy upon the goods of these two parties. It was really a notice to the officer, that the magistrate had adjudged a liability against both the parties. It was final process, which he had issued upon proceedings had before him in matters within his jurisdiction. Now, whether he had erred or not in those proceedings and his adjudications thereon, was a question which under the authority cited could not be raised by an action of replevin against the officer. It was not a case, it may be remarked, where the writ reciting a judgment against "A.," without any semblance of excuse therefor commands a levy upon the property of "B." It recites proceedings against both "A." and "B.," and gives the officer no alternative but to obey the process or review the rulings of the magistrate. We think therefore, under the authority of that decision this action cannot be maintained. As the writer of this opinion was the counsel for the unsuccessful party in the *Westenberger case,* and strenuously and honestly contended for an opposite doctrine, he is unwilling to do more than rest the decision of this case upon the authority of that.

As to the other question, it may be remarked that it seems clear from the authorities that it is within the power of the legislature to provide that the execution of a bond to stay a judgment shall be taken as the confession of a new judgment upon which final process may issue at the end of the stay without further inquiry. See among many authorities, the

following: *Ramsey v. Luck*, 3 Munford, (Va.) 434; *Bank v. Patton*, 5 How. (Miss.) 200; *Brown v. Clarke*, 4 How. (U.S.) 4; *Cavender v. Heirs of Smith*, 5 Iowa, 157; *Buckman v. Williams*, 10 Iredell, 126; *Murray v. Edmonston*, 6 Jones Law, (N. C.) 515; *Williams v. Hall*, 2 Dana, 97; *Roberts v. Cross*, 1 Sneed, 235; *Hemigar v. Mee*, 4 Sneed, 33; *Morgan v. Coleman*, 3 Head, 352; *Cheatham v. Brien*, 3 Head, 53; *Robinson v. Yon*, 8 Florida, 350. In some cases it would seem that the old judgment was extinguished, and a new judgment entered upon the bond against both principal and stayor. In other cases the stayor simply became a party defendant to the existing judgment. It is immaterial which practice may prevail. The principle which underlies both is the same, that of judgment by confession. And surely, there is no constitutional inhibition upon such judgments. The real question then is, whether the provisions of the statute can fairly be construed as making the proceedings of stay tantamount to a confession of judgment. It is clear that there is no express direction or authority to enter a formal judgment, and it is a matter of grave doubt whether further legislation be not necessary to warrant such an execution against one who has simply signed as surety an undertaking for a stay. We forbear however deciding that question until it is strictly before us.

The judgment will be reversed, and the case remanded with instructions to overrule the demurrer to the answer, and for further proceedings in accordance with the views herein expressed.

KINGMAN, C. J., concurring.