## C. G. BAILEY v. B. B. BAYNE.

1. REPLEVIN; PLEADING; *Answer of Defendant.* In an action of replevin, the defendant answered, denying that the plaintiff was entitled to the property replevied, denying that the defendant unjustly or wrongfully detained the same or any part thereof, denying that the plaintiff had sustained any damage, and then setting up that the defendant was a constable, that an order of attachment against the goods and chattels of the plaintiff was issued by a certain justice of the peace and placed in his hands in a certain case then pending before the said justice, and that in pursuance of said order, and in obedience thereto, he levied the same on said property, and that he lawfully held the same under and by virtue of said attachment until the same was taken from him in said replevin case, and then alleging that the defendant was entitled to the possession of the property, and demanded a return of the same. *Held,* That the answer was sufficient, and particularly so after verdict, as no question as to its sufficiency was at any time raised before verdict.

2. ——— *General Denial, Sufficient Answer.* In replevin, all that is necessary, in order to enable the defendant to prove any defense which he may have, is, to deny all the allegations of the plaintiff's petition. Where the defense is, that the defendant holds the property under legal process issued against the property of the plaintiff, the defendant need not allege in detail the nature of the action in which such process was issued, nor the jurisdiction of the justice to issue such process.

*Error from Doniphan District Court.*

REPLEVIN, brought by *Bayne,* as plaintiff. The district court, at December Term 1876, gave judgment in favor of plaintiff, and *Bailey,* defendant, brings the case here.

*W. D. Webb,* for plaintiff in error.

*Nathan Price,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by Bayne against Bailey, to recover certain personal property described in the plaintiff's petition. The defendant <span style="font-variant:small-caps">Statement of the case.</span> answered, setting up certain special denials, and also setting forth certain new matter. The plaintiff replied, denying generally all the new matter set up in the defendant's answer. Upon these pleadings the parties went to trial. The case was tried before the court and a jury. The jury after hearing the evidence found a verdict in favor of the defendant, and against the plaintiff. The court then rendered judgment on the pleadings in favor of the plaintiff, and against the defendant, notwithstanding the verdict. This was done on the ground that the defendant's answer was defective, and that it did not state any defense to the plaintiff's action. This is the only ruling of the court below complained of, and hence the only question for us now to determine is, whether the answer of the defendant was really defective or not.

The answer denied that the plaintiff was entitled to the property replevied, denied that the defendant unjustly or wrongfully detained the same, or any part thereof, and denied that the plaintiff had sustained any damage. The answer then set up (in greater detail than we shall state them) the following facts: The defendant was a constable; <span style="font-variant:small-caps">Answer, in replevin.</span> an order of attachment against the goods and chattels of the plaintiff Bayne was issued by P. S. Soper, a justice of the peace, and placed in his (defendant's) hands, in the case of "Henry Stoeffler v. B. B. Bayne," then pending before said justice. In pursuance of said order, and in obedience thereto, defendant levied the same on the property in controversy, and he lawfully held the same, under and by virtue of said attachment, until the same was taken from him in this replevin case; and defendant then alleges that he is entitled to the possession of the property, and demands a return of the same.

This is a good answer, beyond all doubt. The denials alone were amply sufficient. Under the first two, the defendant might have proved any defense that he might have had. And there is nothing admitted or stated in the allegations of new matter that would destroy the force or suffi-
Detention of ciency of these denials. It is true, that the property. defendant inferentially admits that the plaintiff was the owner of the property at the time it was taken under the attachment. And the defendant also admits that he detains the property from the plaintiff, but still he does not admit that the plaintiff is entitled to the possession of the property, or that he (the defendant) wrongfully detains the same from the plaintiff. These he still denies by his answer; and in replevin the wrongful detention of the property is the gist of the action. *Brown v. Holmes,* 13 Kas. 482, 491, and cases there cited; *Yandle v. Crane,* 13 Kas. 344.

The defendant in error claims, that, as the defendant below admitted inferentially that the property belonged to the plaintiff below at the time it was attached, and that the defendant held the property under an order of attachment issued by a justice of the peace, that the defendant should have set forth in full all the proceedings of the justice, so as to have shown the nature of the action in which the order of attachment was issued, and also so as to have shown that the justice had jurisdiction to issue the order of attachment. We think this was unnecessary; and especially so in this case, as the plaintiff replied to the answer, and then went to trial upon the pleadings in all respects as though the answer was sufficient, and raised no question as to its sufficiency until after verdict against him. As we have before said, in replevin, all that is necessary in order to enable the defendant to prove any defense, is, to deny all the allegations of the plaintiff's petition. And when the defendant has done this, if he should then admit some one or more of them, but not all, the admission of a portion of the allegations could not be construed into an admission of the whole of them. Therefore, where the defendant in substance admits that the plaintiff is the owner of

the property in controversy, and that the defendant detains it from the plaintiff, but denies that the plaintiff is entitled to the possession of the property, or that the defendant detains it *wrongfully*, the defendant is not bound to make any very elaborate or circumstantial statement of the facts to show why the plaintiff is not entitled to the possession of the property, or why the defendant does not wrongfully detain it. We think the defendant made a sufficient statement of the facts in this case; and the statement was certainly sufficient after verdict, as no question as to its sufficiency was raised prior to that time. But the defendant in this case held the property under "mesne * * *. process issued against the plaintiff," and as the property was not exempt under the exemption laws, as was virtually found by the jury, could the plaintiff under any other circumstances maintin *replevin* for the recovery of the property? Gen. Stat. 661, § 177, subdivision 4; *McGlothlin v. Madden*, 16 Kas. 466, 467, 468; *Westenberger v. Wheaton*, 8 Kas. 169, 176, 177.

The judgment of the court below will be reversed, and cause remanded with the order that judgment be rendered on the verdict of the jury in favor of the defendant and against the plaintiff.

All the Justices concurring.