GEORGE HOISINGTON v. JOHN B. ARMSTRONG.

1. ATTACHMENT; *Replevin.* Where property, not exempt from attachment, is seized under an order of attachment against a given person, such person cannot replevy the same in the hands of the officer.

2. —————— *Affidavit, no Part of Pleadings.* The affidavit for an order of replevin, required by section 177 of the code (Gen. Stat. 661), is no part of the pleadings in the case; and the facts therein set forth form no part of the issues in the case, unless such facts are again set forth in the pleadings.

3. PETITION IN REPLEVIN; *Necessary Allegations.* It is not necessary that a plaintiff in replevin should allege in his petition that the property in controversy was not taken in execution on any order or judgment against him, or for the payment of any tax, fine or amercement assessed against him, or by virtue of an order of delivery issued in replevin, or any other mesne or final process issued against him; but all that he is required to set forth in his petition is, that he is the owner of the property in controversy—describing it, or that he has a special ownership or interest therein—stating the facts in relation thereto; that he is entitled to the immediate possession of the property, and that the defendant wrongfully detains the same from him.

4. —————— *Negative Facts; Presumption.* The facts required to be stated in the affidavit for the order of replevin, and not required to be stated in the petition, must nevertheless exist as facts. But when they are stated in the affidavit and not stated in the petition, as they are *negative facts*, it will be presumed that they do exist, unless the defendant shows to the contrary. Thus, while the fact that the property was *not* taken by virtue of any legal process against the plaintiff (unless it was ex-

empt from such process) must exist as a fact, yet it will be presumed to so exist, unless the defendant shows affirmatively that the property *was* so taken.

5. ——— *Pleading.* Where an answer purports to *admit* a certain fact as stated in the petition, and the petition does not state any such fact, *held*, that the answer will not be construed as alleging affirmatively that such fact exists, so as to require the plaintiff to reply thereto.

*Error from Dickinson District Court.*

REPLEVIN, brought by *Armstrong* against *Hoisington* for the recovery of a buggy, horse, and harness. Trial at the March Term, 1878, and judgment for the plaintiff. *Hoisington* brings the case here.

*Hoffmire & Pierce,* and *Johnson & Davis,* for plaintiff in error, submitted points and authorities, as follows:

1. Where property is seized under an order of attachment against a given person, such person cannot replevy the same in the hands of the officer. (Gen. Stat., ch. 80, § 177; *Howard v. Coundall,* 39 Conn. 213; *McGlothlin v. Madden,* 16 Kas. 466; *Gross v. Bogard,* 18 Kas. 288.)

2. The affidavit required by statute (Gen. Stat., ch. 80, § 177) is no part of the pleadings, and the facts therein set forth form no part of the issues in the case. (*Moser v. Jenkins,* 5 Oregon, 487.)

3. It was necessary for plaintiff to allege in his petition that the property was not taken in execution on any order or judgment against him. (*Gist v. Loring,* 60 Mo. 487.)

4. The facts required to be stated in the affidavit must *exist,* and be established, or replevin will not lie. (*Westenberger v. Wheaton,* 8 Kas. 169.)

5. But even if it devolved upon defendant below to allege and prove, as a matter of defense, that the property was taken in execution on any order or judgment against plaintiff below, this was sufficiently alleged in the answer, and such allegation, in the absence of a replication, stands admitted. (*Bailey v. Bayne,* 20 Kas. 657.)

*S. A. Burroughs,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by John B. Armstrong against George Hoisington, for the recovery of a buggy, horse, and harness. The case was tried. in the court below before the court and a jury. The verdict and judgment were in favor of the plaintiff and against the defendant, and the defendant, as plaintiff in error, brings the case to this court. But as error must be shown, and cannot be presumed, we hardly think that the judgment of the court can be reversed. The plaintiff in error says in his brief: "Where property is seized under an order of attachment· against a given person, such person cannot replevy the same in the hands of the officer." This is a correct proposition of law with reference to property not exempt from attachment, but it is wholly immaterial whether it is correct or not so far as this case is concerned. The affidavit for the order of replevin shows as it should do under section 177 of the code (Gen. Stat. 661), that said property was not taken in execution on any order or judgment against the plaintiff below, or for the payment of any tax, fine, or amercement assessed against him, or by virtue of an order of delivery issued in replevin, or any other mesne or final process issued against him; and the petition below is silent with reference to all these things. The plaintiff in error, therefore, among others makes the following points: *Second,* The affidavit required by statute (Gen. Stat., ch. 80, § 177), is no part of the pleadings, and the facts therein set forth form no part of the issues in the case. *Third,* It was necessary for plaintiff to allege in his petition that the property was not taken in execution on any order or judgment against him. (*Gist v. Loring,* 60 Mo. 487.) *Fourth,* The facts required to be stated in the affidavit must *exist,* and be established, or replevin will not lie. (*Westenberger v. Wheaton,* 8 Kas. 169.) The second proposition is a correct statement of the law on this subject. The facts set forth in the affidavit form no part of the issues in the case, unless they are again set forth in the pleadings.

But it makes no difference, so far as this case is concerned, whether said proposition is correct or not. The third proposition is not good law. All that a plaintiff in replevin is required to set forth in his petition is, that he is the owner of the property in controversy, describing it, or that he has a special ownership or interest therein, stating the facts in relation thereto; that he is entitled to the immediate possession of the property, and that the defendant wrongfully detains the same from him. The fourth proposition is perhaps true in one sense, but not true in the sense in which the plaintiff in error desires to use it. The facts required to be stated in the affidavit must exist as facts, and in one sense they must all be established; but they are not all required to be established by the plaintiff by evidence. The plaintiff is required to establish by evidence all the facts which he is required to set forth in his petition, and no others. In the absence of evidence tending to prove or disprove the other facts (those facts required to be set forth in his affidavit for the order of replevin, and not required to be set forth in his petition), the ordinary legal presumptions in favor of the party who holds the negative of the issue, will establish them for him. To illustrate: The fact that the property was *not* taken by virtue of any legal process against the plaintiff, unless it was exempt from such process, must exist as a fact, and in one sense must be established; but if the plaintiff files the proper affidavit, stating that the property was *not* so taken, and the defendant neither sets up nor proves that it *was* so taken, it will be presumed as a fact that it was *not* so taken, and therefore by this means such *negative fact* is established; for if it *was* so taken, it devolves upon the defendant to show it affirmatively.

The plaintiff in error also says in his brief:

"*Fifth*, But even if it devolved upon defendant below to allege, and prove, as a matter of defense, that the property was taken in execution on any order or judgment against plaintiff below, this was sufficiently alleged in the answer, and such allegation, in the absence of replication, stands admitted. (*Bailey v. Bayne*, 20 Kas. 657.)"

We think the plaintiff in error mistakes the matter. Such defense was not sufficiently alleged in the answer. The petition alleges among other things "that all of said property was taken by said defendant under and by virtue of an order of attachment, issued by A. M. Crary, a justice of the peace in and for Grant township, Dickinson county, and state of Kansas, issued October, 1877, and directed to said defendant, as constable of said township of Grant." This is all that the petition states upon this subject. The answer alleges among other things, as follows: "And now comes the said defendant, by his attorneys H. & P., and for his answer to the petition of the said plaintiff saith that he admits that he took the property mentioned in the plaintiff's petition, in an action pending against the plaintiff hereto, in the manner and form as the same is in his petition alleged." This is all that the answer states upon the subject. Now the answer does not *allege* that the property was taken in execution on any order, judgment or process *against the plaintiff,* and it does not even allege that any action was ever pending against the plaintiff. It merely *admits* that the defendant took the property in an action pending against the plaintiff, as the same was and is alleged in the plaintiff's petition. But the plaintiff's petition does not allege or even admit that any action was ever pending against the plaintiff. The plaintiff's petition mentions an order of attachment, issued by A. M. Crary, a justice of the peace, but this order of attachment was issued, as the evidence shows, in an action in which Thomas C. Ayers was the plaintiff, and Thomas Armstrong (not the plaintiff in this action, John B. Armstrong) was the defendant. The answer merely *admits* a supposed allegation in the petition, but there is no such allegation in the petition. Such an admission cannot be construed into an allegation that needs a reply. When the defendant says he *admits* a portion of the petition, it cannot be construed that he sets up something affirmatively which will overturn and destroy the efficacy of the petition.

The judgment of the court below will be affirmed.

All the Justices concurring.