## J. D. BLAIR v. SIMON SHEW.

ORDERS OF ATTACHMENT—*Levies of, Not Void; Replevin.* Where a constable has two orders of attachment issued in different cases, and in favor of different plaintiffs, but against the same defendant, and he serves one of them on Sunday by seizing and attaching certain property belonging to the defendant, and on Monday he serves the other by levying on the same property, and also on Monday returns the order first served, and an *alias* order is issued, which he also levies on the same property on Monday, and he makes these levies on Monday while the property is' still in his possession and without having returned the same to the owner, *held*, that these levies made on Monday cannot be treated as absolutely void, and their validity cannot be questioned in an action of replevin brought by the owner (who is the attachment debtor) against the officer.

· *Error from Brown District Court.*

REPLEVIN, brought by *Shew* against *Blair* (constable), to recover the possession of two horses, a colt, a wagon and a harness. The facts appear in the opinion. Trial at the September Term, 1879, of the district court, and verdict and judgment for the plaintiff. The defendant brings the case here.

*Jas. Falloon*, for plaintiff in error.

*B. A. Seaver*, and *Webb & Martin*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by Simon Shew against J. D. Blair, to recover some horses and a wagon and a harness. The property formerly belonged

to the plaintiff, but on August 2, 1879, two orders of attachment in two different cases and in favor of different plaintiffs, were issued against him by a justice of the peace, and were placed in the hands of the defendant, who was then a constable, for service. The defendant served one of them on August 3, 1879, which was Sunday, by attaching the property in controversy and taking it into his possession. On August 4, 1879, the defendant returned the order of attachment which he had served, and an *alias* order was issued in its place, and then, on the same day, and while the property in controversy was still in his possession, he levied both the original order of attachment (which still remained in his hands) and the *alias* order on the property. On August 11, 1879, judgments were rendered against the plaintiff, Shew, by the justice of the peace, in these two attachment cases, and the attached property was ordered to be sold to satisfy such judgments, and on the same day this action of replevin was commenced. Afterward said property was sold. Afterward a trial was had in this replevin action before the court and a jury, and the verdict and judgment were rendered in favor of the plaintiff Shew, and against the defendant Blair, for the property, or $205 and costs; and the defendant now brings the case to this court for review.

The plaintiff below (defendant in error) has filed no brief, nor made any other appearance in this court; but we should think from the record of the case that he based his right to recover upon the following grounds, to wit: 1. All the different levies of said attachments and the orders made by the justice for the sale of the property were void — void absolutely and entirely; 2. The property was exempt from attachment, under the exemption laws.

The plaintiff was probably not entitled to recover upon either of said grounds; for the said levies were probably not void, and the plaintiff was probably not a resident of Kansas, so as to be entitled to the property under the exemption laws. (Comp. Laws of 1879, pp. 437, 438.)

As to the first ground, the court below instructed the jury as follows:

"2d. The court instructs the jury that if from the evidence they believe defendant Blair levied an attachment on the property of the plaintiff on Sunday, August 3d, 1879, such levy would be illegal; and the defendant could not avail himself of such illegal use of the process of the court to hold such property until the next day, and then levy new or *alias* attachments on said property while so in his possession, and if from the evidence they find he has done so, the levy of such attachment would be no justification for the defendant, and your verdict should be for the plaintiff.

"3d. The court instructs the jury that if from the evidence they believe the defendant levied an attachment on the property of the plaintiff described in the petition on Sunday, August 3d, 1879, while the plaintiff was passing through said county, and took the same from the possession of the plaintiff on that day and came with it to Hiawatha, and held it until Monday, August 4th, 1879, and then levied a new or an additional or an *alias* attachment or attachments on said property while so in his possession, then, the plaintiff not being a resident of said county, such levy would be illegal."

"5th. The court instructs the jury that if they find from the evidence the defendant levied on the property of the plaintiff while he was peacefully passing through or had come into and was going out of Brown county, Kansas, on Sunday, August 3d, 1879, for the purpose of holding said property until a secular and lawful day for levy thereon, and then levied new or *alias* attachments on said property while so in the possession of said officer, such levies would be unlawful, and in that case the plaintiff should recover, provided that in his ordinary course of travel the plaintiff would have passed out of said county of Brown on said Sunday."

We think the foregoing instructions are erroneous.

I. Said levies of said attachments were not void, but at most were only voidable, and being only voidable, they cannot be set aside or ignored in this proceeding, which attacks them only collaterally. The first levy, however, which was made on Sunday, we shall, for the purposes of this case, consider as void; but we cannot consider the other two levies, which

were made on Monday, as void. They were probably irregular and voidable, but not void. One of them, however, was made in a case in which no previous levy had been made; and so far as is shown, the plaintiff in that case had nothing to do with the previous levy, made on Sunday, and possibly, therefore, this levy may not even be voidable. The plaintiff in this last-mentioned attachment case certainly has the right to claim that the levy of his attachment should not be treated as absolutely void. But why should the levy of the *alias* order of attachment be treated as void? It was levied at a time when the constable had an undoubted right to levy it. Of course, we think it was irregular for the constable to wrongfully get possession of the property on Sunday, and then, without returning the property to the owner, to levy an *alias* order on it on Monday; but such irregularity could not render the subsequent levy absolutely void. But if the plaintiff should recover in this action, he will ignore all of said levies as amounting to nothing either in law or in fact, and will take the property away from the plaintiffs and judgment creditors in both of said attachment cases, although in one of such cases the plaintiff and judgment creditor is not shown to have been guilty of any wrong.

II. But even if all of said levies were void, can the plaintiff in this present action maintain replevin for the property? In order to procure a writ of replevin, he must file in the clerk's office an affidavit showing that the property was not taken from him on any " mesne or final process issued against said plaintiff." (Comp. Laws of 1879, p. 623, §177, subdiv. 4.) And according to the decision made ₁in the case of *McGlothlin v. Madden,* 16 Kas. 466, it makes no difference whether such process is valid or void. In that case it was held under its peculiar circumstances that replevin would not lie against an officer who had seized property by virtue of an execution against the owner, although such execution was not founded upon any judgment against ¦the owner. Of course, replevin will lie to recover from an officer property which is exempt from process under the exemption laws.

(Comp. Laws of 1879, p. 623, §177, subdiv. 5.) But that is not the question now under consideration. The question now under consideration is, whether replevin will lie to recover from an officer property which was taken by virtue of an irregular or void levy of process, merely because of the irregularity of the levy? The question whether the property is exempt or not, does not enter into this present question. The present case was probably decided upon the ground that said levies of said attachment orders were void, and certainly under the pleadings, the evidence and the instructions of the court, it may have been so decided.

Because of the errors of the court in giving said instructions, the judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.