## M. B. GOODWIN v. CHARLES SUTHEIMER.

### No. 465.

1. REPLEVIN—*Bond and Affidavit.* Under the laws of this state a person has the right to maintain an action for the recovery of specific personal property and damages for the withholding thereof without taking advantage of the relief provided for in sections 176, 177 and 178 of the code of civil procedure (Gen. Stat. 1889, ¶¶ 4259, 4260, 4261, Gen. Stat. 1897, ch. 95, §§ 176, 177, 178).

2. ———— *Evidence—Peremptory Instruction.* Where in an action for the recovery of personal property the defendant claims to hold the same under a levy made by virtue of an order of attachment, and no copy of the order of attachment appears in the record, and no statement that one was issued appears in the transcripts of the justice of the peace, and nothing appears by which the court below could have found the possession of the defendant legal, it was not error to instruct the jury to bring a verdict for the plaintiff.

Error from Brown district court; R. M. EMERY, judge. Opinion filed December 15, 1898. Affirmed.

*Jas. Falloon,* for plaintiff in error.

*F. M. Webb, A. Bowers,* and *W. D. Webb,* for defendant in error.

The opinion of the court was delivered by

WELLS, J.: This action was begun in the district court of Brown county on December 16, 1895, by Charles Sutheimer. The petition alleged the ownership in plaintiff of certain personal property therein described, of the aggregate value of $250; that the defendant M. B. Goodwin unlawfully took and detained the same, to the damage of the plaintiff in the sum of $100; that a demand had been made for the possession of said property and its return refused; and praying judgment for the return of the property,

or its value, and damages.   To this petition the defendant answered by a general denial.   On the issues thus joined a trial was had to the court and a jury. At the close of the evidence the court instructed the jury that under the law and the evidence the plaintiff was entitled to recover the property, or the value thereof in case a return could not be had, and all that remained for them to do was to determine the value of the property.   This was found by the jury to be $201.   There also appear in the case certain special questions of fact and answers thereto, but how the same came to be submitted, if they were submitted, does not appear.   On this verdict and the answers to the special questions of fact, judgment was rendered for the plaintiff against the defendant, and to reverse this the matter is brought to this court by proceedings in error.

The first question raised by the plaintiff in error seems to be whether a party can recover exempt property from an officer who took the same under some mesne or final process without filing the affidavit and giving the bond required by sections 177 and 178 of the code (Gen. Stat. 1889, ¶ ¶ 4259, 4260, 4261, Gen. Stat. 1897, ch. 95, §§ 177, 178), and to sustain the negative of this question we are referred to *Blair v. Shew*, 24 Kan. 280, and *McGlothlin v. Madden*, 16 Kan. 466.   An examination of these cases shows that in each the right to the property was founded exclusively on the supposed invalidity of the proceedings under which they were held by the officer, the court in the first case cited using this language :

"The question now under consideration is whether replevin will lie to recover from an officer property which was taken by virtue of an irregular or void levy of process, merely because of the irregularity of the levy.   The question whether the property is exempt or not does not enter into this present question."

We have no doubt but that under our code of civil procedure the plaintiff may institute an action for the recovery of specific personal property, or the value thereof, and damages for the unlawful detention of the same, without securing the immediate delivery thereof, as provided in sections 176, 177, and 178, and subsequent sections of that article. The plaintiff has the right to immediate possession under the conditions therein prescribed, but he is not required to assert said right, but may rely on an ordinary civil action to furnish the desired relief, and that is what the plaintiff in this case seems to have done.

The only other question necessary to be considered in this case is, Was the court justified under the evidence in instructing the jury to return a verdict for the plaintiff? At the trial the plaintiff offered evidence tending to sustain the allegations of his petition and rested. Thereupon the defendant offered his evidence evidently tending to show that he held the property by virtue of a levy under a legal attachment. This evidence consisted of the transcripts from the dockets and files of the justice of the peace before whom the case had been pending and under which the authority of the defendant was claimed, and other evidence, but no copy of any order of attachment appears in the record, nor any positive statement in the transcript or elsewhere that one was issued. There was evidence of an inventory and appraisement under some order of attachment, but there is nothing that would justify a court in holding that the property was in the legal possession of the defendant, or that the attachment, if one was issued, did not appear to be void on its face. This being true, the judgment could not have been otherwise than it was.

The judgment of the court below is affirmed.