WILLIAM A. KARR V. FRANK M. STAHL.

No. 14,941   (89 Pac. 669.)

SYLLABUS BY THE COURT.

REPLEVIN—*Property Taken under a Void Ordinance.* The owner of personal property which has been taken from him by a city marshal by virtue of a warrant issued in an action commenced under an ordinance of the city against such owner cannot maintain an action of replevin against the marshal for the recovery of the property so taken, even though the ordinance be void.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed March 9, 1907. Affirmed.

*Hungate & Magaw,* for plaintiff in error.

*W. H. Cowles,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: Where an officer takes personal property from the owner by virtue of a writ issued in void legal proceedings, can such owner maintain replevin therefor against the officer? This is the sole question involved in this controversy.

The plaintiff, William A. Karr, was a druggist and pharmacist in the city of Topeka. The defendant, Frank M. Stahl, was chief of police in that city. On July 31, 1904, a warrant was duly issued by the police court for the arrest of Karr, and for the search of his premises and the seizure of all intoxicating liquors found thereon. The warrant was issued under the provisions of ordinance No. 2211 of the city of Topeka, which was held by this court, in June, 1905, to be void. (*In re Van Tuyl,* 71 Kan. 659, 81 Pac. 181.) By virtue of this warrant Stahl seized and took into his possession the property in controversy, which was immediately retaken by Karr in this action of replevin, and as Stahl failed to give a redelivery bond the property was retained by the plaintiff.

The case was tried upon an agreed statement of facts in the district court of Shawnee county, where it was held that the property when taken in this action was in *custodia legis,* notwithstanding the invalidity of the ordinance under which it was seized. Judgment was accordingly entered for the defendant, Stahl, and the plaintiff brings the case here for review.

Plaintiff has made a clear and forcible presentation of his contention. He insists that replevin can be maintained because the ordinance, being void, conferred no rights, and the complaint, warrant and all proceedings had thereunder were without force or effect. As a general proposition the position appears to be sound and is sustained by many authorities. We think, however, that under our statute the action of replevin is to some extent exceptional, and not controlled by these general legal considerations. Section 177 of the code requires that before an action of replevin can be commenced an affidavit must be filed showing that the property sought to be replevied "was not taken in execution on any order or judgment against the plaintiff, . . . or any other mesne or final process issued against said plaintiff." (Gen. Stat. 1901, § 4611.) In the case of *Westenberger v. Wheaton,* 8 Kan. 169, Mr. Chief Justice Kingman said:

"All these facts must be sworn to exist before the order of delivery can be made; *a fortiori* they must exist as facts. But the clause does not confine the facts to a *valid* judgment. A valid judgment cannot be successfully contested in any way except by proceedings to set it aside. So that the object of this clause of the section is not solely to protect the process of the court when issued on a valid judgment. The object of the clause, as drawn from its language, and from other parts of the section, as well as from the history of the action known as replevin, is to compel a party who desires to contest the validity of *any* judgment or order of a court, or *any* tax, fine, or amercement, or *any* other mesne or final process, so to do in some other way than by seizing property already in the custody of the law. An order of attachment is most frequently issued by

the clerk under the law.   If improvidently issued, and
property is seized, the remedy is not tolerated of taking
it out of the possession of the law, and by such a pro-
ceeding trying the *validity* of the order, or writ.   A
safer and more reasonable remedy exists.   .   .   .   The
wisdom of our code on this subject, as we construe it, is
vindicated by the following observations, showing the
utter confusion that would result from the code if the
construction should be given to it claimed by the plain-
tiff in error: 'If a defendant in the execution, after
judgment had been legally entered against him upon a
full and fair trial, were tolerated in bringing his action
of replevin, and by it to replevy the goods taken in exe-
cution, there might be no end to the delays which the
defendant might thus create.   Justice and the end of
the law would be effectually subdued, for although the
defendant in the execution and plaintiff in the action
of replevin would fail upon the trial, and judgment
would be rendered in favor of the officer for the res-
toration of the property, yet the action might be again
and again renewed, and delay without end effected.   To
prevent such abuses, and such contempts of the au-
thority of courts, to prevent the monstrous absurdity
of rendering the remedies afforded by law with a view
to redress wrongs the means of defeating the very end
to be accomplished, the defendant in an execution, who
should thus pervert the action of replevin, might and
ought to be severely punished for contempt.' " (Pages
176, 178.)

This decision has been approved in the following
cases: *McGlothlin v. Madden,* 16 Kan. 466; *Gross v.
Bogard,* 18 Kan. 288; *Hoisington v. Armstrong,* 22
Kan. 110; *Blair v. Shew,* 24 Kan. 280.   These cases do
not go to the extent contended for by the defendant, as
the court in each case had jurisdiction of the subject-
matter involved in the action.   In the cases of *Mc-
Glothlin v. Madden* and *Blair v. Shew* it was said, how-
ever, that replevin will not lie to recover property
taken by attachment or execution, whether the same
be valid or void.

The same reason urged against the use of the writ
of replevin for the purpose of testing the validity of
judgments or process when they are voidable only

seems to apply where they are void.  As illustrated by this case, the ordinance in question had been in force and acted upon for a long time as valid.  The writ in question was duly issued in appropriate proceedings had under the ordinance.  The officer was bound either to obey the writ or review the proceedings of the mayor and council of the city who had enacted the ordinance and the action of the police court issuing the writ, and at his peril decide the legality of the ordinance for himself.  Such a rule would leave the validity of writs open to question to such an extent as, in a large measure, to defeat the object of the statute.  We think the orderly administration of the law will be better subserved if full effect be given to the language of the statute, by holding that the words "*any* order or judgment, . . . *any* tax, fine or amercement . . . or *any* other mesne or final process" (Gen. Stat. 1901, § 4611) were used advisedly and in their ordinary meaning, and not in the limited sense which results from the interpolation of the word "valid" after the word "any"—an interpretation that would destroy the manifest intent of the law and materially weaken its efficacy.  Ample remedy has been given for testing the validity of any law, process or judgment without recourse to an action of replevin.

Cases from other states have been cited by the plaintiff that are contrary to the view here expressed.  Whether the statutes of such states are the same as ours we do not know.  If not, the cases are inapplicable.  If the statutes are the same, we are not inclined to follow the decisions.

We think the district court was correct, and the judgment is affirmed.