CHAPMAN *v.* THE STATE, on the Relation of Conerley.

A trial of a case of bastardy on *Sunday,* by a justice of the peace, is void.

ERROR to the *Lawrence* Circuit Court.

BLACKFORD, J.—A justice of the peace, on the 27th of *January,* 1838, issued a warrant against *Chapman* in a case of bastardy. On the next day, which was *Sunday,* the warrant was returned, the defendant brought before the justice, the cause tried, and the defendant adjudged to be the father of the child, &c.

The cause was certified to the Circuit Court.

Upon the calling of the cause in the Circuit Court, the defendant moved to dismiss the suit, on the ground that the trial before the justice took place on a *Sunday*. The motion was overruled, the cause tried, and a verdict and judgment rendered against the defendant.

The question presented by this record is, Could the justice examine and decide the cause on a *Sunday* ? Our answer is, that he could not. *Sunday* is *dies non juridicus ;* and, by the common law, all judicial proceedings which take place on that day are void. *Swann* v. *Broome*, 3 Burr. 1595.—*Pearce* v. *Atwood*, 13 Mass. 324.—*Arthur* v. *Mosby*, 2 Bibb, 589. Our statute has made some exceptions to this rule, but they do not apply to the case before us.

The motion made in the Circuit Court to dismiss the suit should have been sustained.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the motion to dismiss the suit set aside, with costs. Cause remanded, &c.

*G. G. Dunn*, for the plaintiff.

*J. W. Payne* and *R. W. Thompson*, for the defendant.