PETER BLOOD *v*. SETH BATES.

*Arbitration and award.   Judgment.   Sunday.*

In debt upon an award of arbitrators, it is proper to show by parol, under the general issue, that the arbitrators had no power to make and publish their award at the time and in the manner they did; and, therefore, under that plea, the question may be raised whether an award is valid which was made on Sunday morning after a hearing completed just before twelve o'clock on Saturday night, and parol evidence may be introduced to show that it was so made.

A judgment rendered on Sunday is void at common law.

But an award is not a judgment, but the consummation of a contract between the parties to the submission; and if the submission make no provision for an award on Sunday, and the parties complete the hearing before the arbitrators previous to twelve o'clock on Saturday night, and then cease to exercise any control as to the time of making the award, its validity as to them will not be affected, either at common law, or under the statute regulating the observance of the Sabbath, by the fact that the arbitrators make and publish their award at three o'clock on Sunday morning.

DEBT on an award of arbitrators, dated October 13th, 1855. Plea, the general issue, and trial by the court, at the November Term, 1856, of the Chittenden County Court,—POLAND, J., presiding.

The defendant admitted the submission to the arbitrators as stated in the declaration, and proved by parol evidence that the arbitrators and parties met and commenced the arbitration on Friday, the 12th of October, 1855, and that the hearing was continued through that day and the next. The argument was concluded about midnight on Saturday, and the arbitrators retired for consultation a few minutes after twelve o'clock that night, and returned and published their award to the parties about three o'clock on Sunday morning.

It did not appear that any objection was made by either of the parties on that occasion, on account of the time of making the award.

The plaintiff objected to the admission of this evidence, but the court received it, and rendered judgment for the plaintiff for the amount of the award and interest, to which the defendant excepted.

---

---

*Hard & French* and *W. W. Peck*, for the defendant.

1. The award was a judicial act, and in the nature of a judgment; *Van Courtland* v. *Underhill*, 17 Johns. 416; *Barlow* v. *Todd*, 3 Johns. 367; *Story* v. *Elliot*, 8 Cow. 27; *Woodrow* v. *O'Connor*, 28 Vt. 776. And therefore it was void at common law because made on Sunday; *Swan* v. *Broome*, 3 Burr. 1595; *Pierce* v. *Atwood*, 3 Mass. 324; *Fox.* v. *Abel*, 2 Conn. 541; *Hoghtailing* v. *Osborn*, 15 Johns. 118; *Butler* v. *Kelsey, Id.* 177; *Johnson* v. *Day*, 17 Pick. 106; *State* v. *Seeker*, 33 Maine 539; *Chapman* v. *State*, 5 Blackf. 111; *Davis* v. *Fish*, 1 Green (Iowa) 406; *Arthur* v. *Mosely*, 2 Bibb 589; *Cory* v. *Silcox*, 5 Porter (Ind.); *Baxter* v. *People*, 3 Gilman (Ind.) 368; 6 Ala. 200.

2. But if the award was merely the consummation of a contract between the parties, it is void under the statute; Comp. Stat. 502, sec. 1; *Lyon* v. *Strong*, 6 Vt. 219; *Adams* v. *Gay*, 19 Vt. 358; *Lovejoy* v. *Whipple*, 18 Vt. 379.

The remarks of the learned Judge who delivered the opinion of the court in *Sargeant* v. *Butts*, 21 Vt. 99, upon the validity of an award made upon the Sabbath, are *obiter dicta*, because in that case there was an express subsequent ratification of the award by the defendant upon a week day.

*L. B. Englesby*, for the plaintiff.

1. The parol evidence offered by the defendant and admitted by the court should have been excluded. Awards are conclusive upon the parties, and courts have always refused to interfere with the adjudication made by them, unless the submission was by a rule of court, and not then, unless there had been misconduct or corruption on the part of the arbitrators, or unless there is some irregularity upon the face of the award; *Wells* v. *McCormick*, 2 Wils. 148; *Newland* v. *Douglass*, 2 Johns. 62; *Barlow* v. *Todd*, 3 Johns. 367; *Emerson* v. *Udall*, 13 Vt. 477; *Braddick* v. *Thompson*, 8 East 344.

2. The parties ceased to act before twelve o'clock Saturday night, and exercised no voluntary agency in consummating the award after that time. The case of *Sargeant* v. *Butts*, 21 Vt. 99, is a direct authority in favor of the validity of this award.

Blood *v.* Bates.

PIERPOINT, J. This is an action on an award of arbitrators, to which the defendant pleaded the general issue, and on the trial proved that the hearing before the arbitrators who made the award, was concluded about twelve o'clock on Saturday night; that the arbitrators then retired for consultation, and returned and published their award about three o'clock the next morning. The defendant insists that the award is void, as having been published both in violation of the common law and the statute relating to the "observance of the Sabbath."

On the part of the plaintiff it is insisted that this defence can not be set up in this form of action, and under the general issue.

We think this objection is not well taken; if the facts proved by the defendant are to have the effect claimed for them, it is substantially proving the general issue, for if the arbitrators had no power to make and publish their award at the time and in the manner specified in the bill of exceptions, and their attempt to do so is of no validity, then the case is to stand on the same ground as though no award had been made or attempted.

The question then arises, is the award void for the reasons stated? Is it such an act as could not be performed by the arbitrators without a violation of law? and if so, what is the effect of such violation upon the award itself, and the parties to the submission?

It is claimed on the part of the defendant, that an award of arbitrators is a judgment, and therefore void at common law if rendered on the Sabbath. That a judgment rendered on the Sabbath is void at common law, seems to be well settled by the authorities. The Sabbath at common law is regarded as a day on which no judicial act can be done, and if an award of arbitrators is a *judgment*, it is clear, we think, that it can not legally be rendered on the Sabbath; but we think an award is not a *judgment* within the legal meaning of the term. An award is sometimes spoken of in the books as the judgment of arbitrators, using the term judgment as synonymous with award or determination of arbitrators. Awards are often spoken of by Judges as being *like* judgments, or in the *nature* of judgments, the term plainly implying that they are not of themselves judgments, and these expressions are used only when speaking of their binding

Blood *v.* Bates.

force as between the parties, where, in many respects, they are equally conclusive with judgments. But on the other hand, it must be conceded that in many respects they are wholly unlike judgments. A judgment in its legal acceptation, is the determination of some judicial tribunal created by law for the administration of public justice according to law, and is in strictness the determination of the law. A board of arbitrators are created by contract between the parties. They can exist only by the mutual assent of both parties. Either party can make the submission and terminate their existence, at any time prior to the making and publishing of their award. They have no powers except such as are given them by the contract; no authority whatever is conferred on them by law, not even that of administering oaths to the parties or witnesses that may come before them.

On examining the statute it will be found that in most if not all cases where a public tribunal or officer is vested by law with any judicial powers, they are also authorized to administer oaths. A board of arbitrators is not a court or a judicial tribunal in any proper sense of those terms; it has none of the powers that appertain to courts to regulate their proceedings, or to enforce their decisions.

An award, when made, is more in the nature of a contract than of a judgment; it is but the consummation of the contract of submission, its appropriate and legitimate result. And that it is in the nature of a contract is fully established by the fact that when made, if found to be defective and void, it may still be ratified by the parties. If an award be void by reason of having been made on Sunday, or from any other cause, if the parties subsequently affirm it, that makes it a binding award. The same rule applies to every contract, but it is not so of a judgment. If a court render a judgment that is void for any reason, it is beyond the power of the parties, by any act of theirs, to make it a valid judgment.

An award, when made, can be enforced only by a suit upon it. It is of more binding force between the parties and of a higher order than an ordinary simple contract. This method of settling controversies by arbitration is one that is to be favored, and courts have always been inclined to go to the full extent in treating them

as conclusive in regard to all matters submitted and decided, and as impeachable only for certain specified causes, but this does not make them judgments. And we think it would be going too far to say that the award in this case is void at common law, on the ground that it is a judgment.

The question then recurs, is it void by reason of the statute? The case shows that the hearing before the arbitrators was commenced on Friday, and continued until near midnight on Saturday, at which time all active participation on the part of the parties to the submission cease. It does not appear that they did any act that can be called a violation of the statute. The case was in the hands of the arbitrators, and the parties had no control over them in regard to the time when they would consider it and publish their award. There was nothing in the submission that required the arbitrators to publish their award at the time when they did, and there is nothing in the case to show that the parties knew that they were about to publish their award until it was done. We think it must be conceded that the parties were not guilty of any violation of the statute so far as their acts are concerned. If then this award is to be held void, it must be in consequence of the acts of the arbitrators in publishing the award at the time they did. It has been repeatedly held that to receive the verdict of a jury on Sunday does not invalidate the proceeding, and is not a violation of the law; and I confess I do not see a very broad distinction between the rendering of a verdict by a jury, and the publication of an award by arbitrators. It is true that to discharge a panel of jurymen at twelve o'clock on Saturday night, if they had not agreed, would involve the parties in cost and expense, and to require arbitrators to separate under like circumstances, and to come together again, would produce the same result. But if the publication of the award was a violation of the statute, and subjected the arbitrators to the penalty imposed, did that make the award void as between the parties, they in no manner participating in the act, and having no control over the arbitrators in this respect? It is true that the arbitrators are acting under the contract of submission, and derive all their powers from the parties, yet the time of publishing the award not being fixed by the parties, but resting entirely with the arbi-

trators, if they see fit to violate the statute in making known the result of their deliberations, should the consequences be visited upon the parties who are in no respect in fault or responsible for such acts? The award is made in point of fact, notwithstanding the arbitrators violated the statute in making it, and if the parties were responsible for such violation or participated in it, there would be a propriety for the court to say that they would not lend their aid in carrying out such a transaction, and this upon the ground that the parties were in fault. If A. contracts with B. for the purchase of an article of property in the possession of C., with an agreement that C. shall deliver the property at a particular place for the benefit of A., without specifying the time when C. is to deliver it; if C. should deliver it at the specified place on Sunday and subject himself to the penalty, could B. for that reason repudiate his contract and reclaim the property? We think not. Such a contract is in all respects a valid and binding one; it is executed through the instrumentality of C. in such a manner as to make him liable for the penalty, but the parties could not take advantage of that. So in this case the contract was in all respects a valid one, involving no violation of law, either as to the subject matter of it, the time of making it, or the time when it was to be executed, and the parties did no act under it that subjected them to any penalty. The fact that the arbitrators violated the statute in discharging their duty under the submission, does not make the contract void between the parties, or release them from the performance of the award. In all cases where our courts have refused to enforce contracts of this character, it has been upon the express ground that the contract itself was made in contravention of the statute, and that the parties to it were guilty of a violation of law. These very questions were before the court, and expressly decided in *Sargeant* v. *Butts*, 21 Vt. 99. That case we are now asked to overrule, and if the question was now for the first time under consideration, a part of the court would be inclined to adopt a somewhat different rule from that laid down in that case. But a majority of the court are so far satisfied that the decision in that case is sound, as to be unwilling to overrule it.

The judgment of the county court is affirmed.