FRANCIS F. ALLEN, Respondent, *v.* ALANSON N. GODFREY, Appellant.

Where, in an action in Justice's Court, a verdict is rendered on Sunday, judgment entered thereon the following Monday is valid.

If the justice assumes to enter judgment on Sunday, this is wholly void, and will not affect the validity of the judgment entered on the next day.

(Argued on the part of the appellant, January 12; decided May 1, 1871.)

APPEAL from an order of the General Term of the Supreme Court in the sixth district, reversing an order of the Onondaga County Court affirming judgment for costs recovered by the defendant before a justice of the peace.

This action originated in a justice's court in the county of Onondaga, and was brought for the recovery of the value of two hemlock saw-logs. The issue was tried on Saturday, January 5, 1861, before the justice before whom it was commenced and a jury. The evidence was conflicting, and when closed, late on Saturday night, the jury retired to deliberate upon the verdict they should render, and on the following Sunday morning returned, and in open court delivered their verdict of no cause of action. Thereupon the justice entered in his minutes the verdict as rendered, and made a computation of the costs, and entered the same on a subpœna returned by the defendant, and announced that the judgment would be in favor of the defendant for six dollars and sixteen cents, and on the following Monday (January 7) entered judgment in favor of the defendant and against the plaintiff for six dollars and ninety-one cents, being for the full amount of costs, including the fees of the jury omitted in his Sunday's computation. From this judgment the plaintiff appealed to the County Court of the county of Onondaga, where the judgment was affirmed; and from the judgment of affirmance he appealed to the Supreme Court.

*D. W. Cameron,* for the appellant.

*H. C. Miner,* for the respondent.

HAND—VOL. V.          55

GRAY, C. No opinion is brought to us showing the grounds upon which the Supreme Court reversed the judgments of the courts below. The evidence upon which the verdict was rendered was fairly conflicting, insomuch that it could not have been reversed as being against evidence. The chief ground upon which the respondent's counsel seeks to uphold the judgment appealed from is, in substance, that the judgment was in fact rendered on Sunday, though not entered until Monday, when it was formally docketed for an amount exceeding the amount for which it was rendered on the previous day. Concede that it was rendered on Sunday; all that was done on that day, after receiving the verdict, was absolutely void. The justice had no more right to tax the costs or render judgment on Sunday, than he had to issue execution on that day. The statute in terms declares that " *No court shall be open or transact any business on Sunday, unless it be for the purpose of receiving a verdict or discharging a jury.*" (3 R. S., 3d ed., 467, § 16.) It was the duty of the justice, when he received the verdict, to stop until Monday morning, and then tax the costs and enter judgment. Whatever else he may have done on Sunday could not prejudice either party. It was his duty to disregard it, and make up and enter his judgment on Monday. No inaccuracy is alleged in the making up of the judgment entered on Monday. The County Court was, therefore, right in affirming it. The judgment appealed from must, therefore, be reversed.

LEONARD, C. The return proves by the facts stated, that the verdict of the jury was rendered on Sunday, and that the justice rendered judgment on Monday. The justice entered the verdict in his minutes, and figured up the cost, except the jurors' fees, and entered them in his minutes on Sunday. On Monday he added the fees of the jury, and entered judgment in his docket against the plaintiff for the amount. The verdict was for the defendant. There is no fact stated which warrants the legal conclusion that the judgment was rendered by the justice on Sunday. The statute authorizes courts to be

open for the purpose of receiving a verdict, and forbids the transaction of any other business on Sunday. (2 R. S., 275, § 7; 5th. ed., vol. 3, p. 467, § 16.)

It is also provided by statute that a justice of the peace, in all cases where a verdict is rendered, "shall forthwith render judgment, and enter the same in his docket."

The respondent's counsel appears to regard the statutes as creating a dilemma, which will prevent the entry of any valid judgment. The verdict was valid by the statute although rendered on Sunday. The statute directing the justice to render judgment forthwith, must harmonize with the provision which forbids the transaction of any business in court on Sunday. The justice must render his judgment on the next day when business may be transacted. His authority to act as a magistrate on Sunday is suspended. The language of the statute directing the justice to render judgment forthwith is of the character considered in law to be directory, and not involving the validity of the act, if not done at the time directed. It has, however, been held to be imperative, or to impose a condition, because that was believed to be the intention of the Legislature, on grounds of public policy, although the same terms directing the entry in the docket are held to be directory. (*Watson* v. *Davis*, 19 Wend., 371; *Hall* v. *Tuttle*, 6 Hill, 38; *Sibley* v. *Howard*, 3 Denio, 72, 73; *Walrod* v. *Shuler*, 2 Comst., 134; *Fish* v. *Emerson*, ante, p. 376 decided May, 1871.) The intention of the Legislature that a valid judgment shall be rendered is manifested by the direction of the statute which saves a verdict rendered on Sunday. The case of such a verdict is an exception to the policy requiring the judgment to be rendered forthwith, as a condition of its validity.

The case of *The People* v. *Pulling* (8 Barb., 384), is an authority in support of this construction. There the case was submitted to the jury, and their verdict was rendered on Sunday, the trial having been begun on Saturday. The Court of Sessions rendered judgment on the verdict on Monday. The verdict and judgment were held bad, for the

reason that the cause was submitted on Sunday, while the rendering of the verdict and the action of the court in rendering judgment were not disapproved.

The time intervening between the rendition of the verdict on Sunday and the action taken by the justice in rendering judgment on the following day, is to be regarded as a period during which his authority is suspended, to be resumed and continued when holy time has expired.

In *Houghtaling* v. *Osborn* (15 J. R., 119), the verdict was rendered on Sunday, and the justice rendered his judgment on the same day. The action of the justice was held illegal, and the judgment was reversed on that ground.

In my opinion the justice properly rendered judgment on the verdict in this case on Monday. The addition of the jurors' fees on Monday morning was not an alteration of the judgment, for none had been previously entered. The argument of the respondent's counsel on this question is upon the erroneous assumption that judgment was rendered by the justice on Sunday. It is also said by the respondent's counsel, that it was error to allow the witness, Fairbanks, to state his opinion, as to the length of time the logs had been peeled. The objection stated to this evidence was that it was incompetent and improper. No objection was made on the ground that the witness was not an expert.

The evidence was competent. The plaintiff's logs were cut in February, 1860. The logs of the defendant were cut in July, 1859, and partially peeled at about that time. The length of time that the two logs in dispute had been peeled, if the fact could be ascertained, tended to determine their ownership, as the peeling was done at different times.

The plaintiff urges some considerations depending on the weight of evidence, which it is not our province to examine.

The judgment of the Supreme Court should be reversed, and that of the County Court and of the justice should be affirmed, with costs and restitution.