[No. 1026.]

## EX PARTE GEORGE WHITE AND JOSEPH PERGUE.

SUNDAY—NON-JUDICIAL DAY.—A judgment of a justice of the peace, rendered upon the trial of a criminal case, on Sunday, is null and void.

HABEAS CORPUS before the Supreme Court

The facts appear in the opinion.

*M. S. Bonnifield,* for Petitioners.

*M. A. Murphy,* for State.

By the Court, HAWLEY, J.:

The return to the writ of habeas corpus, issued in this case, shows that petitioners were arrested and brought before a justice of the peace on the first day of February, 1880, on a charge of having committed a misdemeanor. In answer to questions asked them by the justice they stated that they did not desire counsel. They plead guilty, and waived the time prescribed by statute for passing sentence. The justice thereupon, on said first day of February, passed sentence, and rendered judgment imposing a fine and imprisonment. The first day of February was Sunday.

Was the justice authorized to try and decide the case on Sunday? We think not. Sunday is *dies non-juridicus.* At common law all judicial proceedings which take place on that day are void.

Our statute has made certain exceptions to this rule; but in our opinion, none of the exceptions apply to this case.

The third subdivision of section 50 of an act concerning courts of justice, upon which counsel for the state relies, provides that the courts of this state may be open, and that judicial business may be transacted on Sunday "for the exercise of the powers of a magistrate in a criminal action, or in a proceeding of a criminal nature." (1 Comp. L. 955.)

This exception only applies to the exercise of the powers of a magistrate.

"A magistrate is an officer having power to issue a war-

rant for the arrest of a person charged with a public offense." (Cr. Pr. Act, sec. 101; 1 Comp. L. 1729.)

A justice of the peace acting as a magistrate, may transact judicial business on Sunday; may issue warrants for the arrest of parties charged with crime; may proceed with the preliminary examination, and may commit, discharge, or release upon bail, the parties under arrest.

In the present case, the justice, in receiving the plea, passing sentence, and rendering judgment, acted in the exercise of his powers as a justice of the peace. In this respect he acted without any authority of law.

The judgment rendered by him is utterly null and void. (*Swann* v. *Broome*, 3 Burr, 1595, *Arthur* v. *Mosby*, 2 Bibb, 589; *Pearce* v. *Atwood*, 13 Mass. 324; *Chapman* v. *State*, 5 Blackf. 111; *Hemens* v. *Bentley*, 32 Mich. 91; Freeman on Judgments, sec. 138.)

The petitioners must be discharged. It is so ordered.