THE CITY OF PARSONS V. ZERELDA P. LINDSAY, *as Administratrix of W. H. Lindsay, deceased.*

1. LORD'S DAY — *No Legal Proceedings. Dies dominicus non est dies juridicus* — the Lord's Day is not a day for legal proceedings.
2. ——————— *Void Judgment.* A judgment rendered on Sunday is void.

*Error from Labette District Court.*

'THE opinion states the case.

*Kimball & Osgood,* for plaintiff in error.
·*H. G. Webb,* and *E. C. Ward,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was brought by W. H. Lindsay against the city of Parsons, for injuries resulting from a fall alleged to have been caused by a defective street-crossing. The action was commenced on the 11th day of October, 1879; a trial was had at the February term, 1880, of the district court, and judgment for the plaintiff for $3,000 and costs; this judgment was reversed by this court at its July term for 1881, and the cause remanded for a new trial. (26 Kas. 426.) Another trial was had before the court with a jury, at a special term, commencing on the 10th day of November, 1883; a verdict was returned by the jury at 3 o'clock P. M. on Sunday, the 11th day of November, 1883, in favor of the plaintiff, and assessing his damages at $1,000; on the same day the court discharged the jury, and rendered judgment in favor of the plaintiff upon the verdict for the sum of $1,000, and costs taxed at $565.50; on the same day a motion for a new trial was filed by the defendant, but the hearing of the motion was continued until the February term for 1884; on the 29th of February this motion was heard and overruled; the defendant excepted, and brings the case here; while pending in this court W. H. Lindsay died, and the action has been revived in the name of Zerelda P. Lindsay, his administratrix.

The defendant alleges that the judgment is null and void, because it was pronounced on Sunday.

At the time the judgment was rendered, the law in force provided that the regular term of the court in the fall of 1883 should commence on the second Monday in November, which in 1883 came on the 12th day of the month. It is well settled that the verdict of a jury may be received on Sunday. (*Stone v. Bird*, 16 Kas. 488; *Reid v. The State*, 53 Ala. 402.) By some of the courts the reason assigned for the validity of such a verdict is that the rendition and receiving are a work of necessity; by others, that it is merely a ministerial act, and not within the prohibition relating to judicial acts on Sunday. (*Coleman v. Henderson*, 12 Am. Dec. 290–295.) The acceptance of a verdict, however, is not equivalent to a judgment, but the rendition of a judgment thereon is a judicial act.

By the common law, Sunday is *dies non juridicus*, and therefore all judicial proceedings which take place on that day where the common-law rule is in force are void. The common-law rule of the invalidity of judicial proceedings on Sunday is impliedly recognized by the provisions of our statute. (*Blair v. Shew*, 24 Kas. 280; *Morris v. Shew*, 29 id. 661.) The common law, as modified by constitutional and statutory law, judicial decisions, and the condition and wants of the people, is enforced in this state in aid of the general statutes. (Comp. Laws of 1885, ch. 119, § 3.)

After midnight of the 10th day of November, 1883, another day (Sunday) had commenced—a day not judicial, and one on which the courts are not authorized to render judgments. The judgment being void, it cannot be enforced or sustained. (*Blood v. Bates*, 31 Vt. 147; *Allen v. Godfrey*, 44 N. Y. 433; *Chapman v. State*, 5 Blackf. 111; *Arthur v. Mosby*, 2 Bibb [Ky.], 589.)

The judgment of the district court will therefore be reversed.

All the Justices concurring.