GREEN W. HODGE, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The oath or affidavits required by the act of March 11th, 1879 (sec. 41, p. 466, McClellan's Digest), to satisfy the court that the testimony of a witness whose deposition it is desired to take under a commission is material and necessary to the defense of the accused, must present facts naturally and reasonably calculated to satisfy the judgment of the court that such testimony is material and necessary to the defense. An affidavit of counsel stating that he is acquainted with the case of the defendant, and what is necessary for his defense, and verily believes that the testimony of a named witness, to whom interrogatories calling for his opinion as an expert and accompanying the motion for a commission are addressed, "is necessary, material and important to the defendant," is not sufficient.

2. A plea of not guilty is a waiver of the right to plead in abatement in a criminal cause.

3. If there can ever be a review by an appellate court of a ruling of a trial court refusing to permit the withdrawal of the general issue for the purpose of pleading in abatement of the indictment, it will not be done where the accused has waited twenty-one months after the finding of the indictment, and there has already been a trial on the merits, and the period barring a new indictment has elapsed.

4. A charge to a jury cannot be made a part of the record except by a bill of exceptions, or by being signed, sealed and filed by the circuit judge, in accordance with the act of March 2d, 1887 (sec. 36, p. 338, McClellan's Digest), and will not be reviewed by the appellate court when not made a part of the record.

5. A verdict may be received and entered on Sunday, but it seems that judgment or sentence cannot be lawfully rendered on that day. The former proceeding is not ground for a new trial.

6. The failure of the record to show that the judge asked a prisoner before pronouncing sentence upon him, if he had anything to say why the sentence of the law should not be passed upon him, is not ground for setting aside the judgment, where the conviction is not of a capital offense.

Writ of Error to the Circuit Court for Marion county.

The facts in the case are stated in the opinion of the court.

*Miller & Spencer* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

RANEY, C. J.:

The first allegation of error in the assignment of errors, furnished under the requirement of the statute, sec. 4, p. 455, McClellan's Digest, is the refusal of the circuit judge of a motion, made in open court October 21st, 1890, for the issuance of a commission to take the testimony of one E. C. Spitzka, residing at 712 Lexington avenue, New York, on interrogatories filed five days previously at the same term.

The statute of March 11th, 1879, secs. 41 *et seq.*, p. 466, McClellan's Digest, enacts that when any person is arraigned before a circuit court upon indictment or information, charged with crime, which is by law a felony, and he shall satisfy the court by his oath in writing, or by affidavits of other credible persons, that the testimony of absent persons is material and neces-

sary to his defense, and such witnesses reside beyond the jurisdiction of the court, or are so sick or infirm that with diligence they cannot be procured to be in attendance at the same or next succeeding regular or special term at which the case may be tried, it shall be lawful, and is made the duty of the judge, upon the proper application of the accused or his attorney, and the filing of the interrogatories, to order that a commission be issued to some competent person or persons to take the deposition of the witness, to be used on the trial.

If we are permitted to consider the interrogatories in the absence of a bill of exceptions duly incorporating them, we see that their purpose is to prove by the proposed witness, as an expert, that there is such a thing as transitory or impulsive insanity, and also its nature and effect ; and that certain assumed or supposed conditions and acts of a person were symptoms of his being the victim of such insanity and that, in the opinion of the witness, a person acting in a described supposed manner under described supposed conditions, was insane and irresponsible.

The affidavit presented in support of the application for the commission was made by Mr. Hugh E. Miller, one of the prisoner's counsel. The substance of Mr. Miller's affidavit is that he "is acquainted with the case of the defendant and what is necessary and material to his defense ; that he verily believes that the tes·timony of " Dr. Spitzka, residing at 712 Lexington avenue, in the city of New York, "is necessary, mate-

rial and important to the defendant," and that witness resides beyond the jurisdiction of the court.    It might be said of this affidavit that it is evidence that Mr. Miller had satisfied himself that the testimony of Dr. Spitzka was "material and necessary" to his client's defense; but certainly and obviously the statute, when it says the prisoner shall satisfy the court that the testimony of the absent person is material and necessary to his defense, means that there shall be presented at least some facts which will reasonably and naturally satisfy the judgment of the court.    It is palpable that there is nothing here to indicate to the court that the prisoner intended and would be able, or even expected, to prove on the trial the supposed facts which would make the opinions proposed to be elicited from Dr. Spitzka, of any use to him in the trial of the cause. There is nothing for the judge to do but refuse the motion.    Besides what has been said, it is apparent from the record that nearly two years had passed since the indictment was found, and that there had been a former trial, and it does not appear why the application was not made before this time, when the cause was about to be tried the second time; and again, in the absence · of a bill of exceptions how can it be assumed that there was any evidence on the trial of a character to make Dr. Spitzka's opinion of any value to the prisoner or his defense?    There is nothing whatever to support the alleged assignment of error.    This conclusion is not inconsistent with the ruling in Newton vs. State, 21 Fla., 53.

Another error assigned is the refusal of the trial court to permit the prisoner to withdraw his plea of not guilty, and interpose a plea in abatement. This motion was made immediately after the denial of the preceding motion for the commission to take the deposition of Dr. Spitzka. The prisoner had already been tried upon the plea of not guilty. By this plea he waived his right to plead in abatement. By a plea in bar voluntarily pleaded, it seems all matter of abatement is waived, and though it may be in the discretion of the trial court to permit the withdrawal of such a plea for the purpose of pleading in abatement, that discretion will not be reviewed or interfered with on appeal. Savage and James vs. State, 18 Fla., 909; Adams vs. State, 28 Fla., 511; 10 South. Rep., 106. Pleas in abatement should be pleaded before pleading in bar. 1 Wharton's Cr. Pl. & Pr., sec. 426; Savage and James vs. State, 18 Fla., 909, 949. After the general issue pleaded, the defendant cannot plead in abatement; and according to the old authorities, the proper time for the plea is upon his arraignment. 1 Bishop's Cr. Pro., sec. 175; 2 Hale's P. C., 175; 1 Chitty's Cr. Law, 447; Kinlock's Case, Foster, 16; Wharton's Cr. Pl. & Pr., sec. 426; Martin vs. Commonwealth, 1 Mass., 347; State vs. Farr, 12 Rich. (Law), 24. Chitty says it was always necessary to plead it before any plea in bar, as the defendant will be estopped by an issue. 1 Chitty's Cr. Law, m. p. 447. If there can ever be a review by an appellate court of a ruling refusing to permit the withdrawal of the general issue, for the purpose of pleading in abate-

ment, we find no such authority, but if there can, it will not be done in a case in which the party has waited over a year and nine months after indictment found, and after there has already been a trial on the plea of not guilty ; and when more than two years have passed since the alleged killing, by which lapse of time any new indictment in this case has become barred. Johnston vs. State, 27 Fla., 245, 9 South. Rep., 208. To permit such a practice would encourage all kinds of delay and overturn the established rule which requires that all matters in abatement should be pleaded primarily. The fact that the proposed plea here tends to affect the legality of the grand jury does not change the rule or create any exception to its application. There is, moreover, if an excuse for the delay would have any effect in favor of the assignment of error, not even a pretense of an excuse or reason for the delay in presenting the proposed plea.

It is also assigned as error that the court altered instructions asked for by the prisoner, and in charges given in lieu of those asked, and in refusing to give charges as requested. We have already stated that there is no bill of exceptions ; and not only is this so, but it is also a fact that there is not in the transcript before us anything which can be recognized or treated as a charge requested, or given, or refused. There is upon no paper incorporated in the transcript before us, and purporting to be a charge offered, given, refused or "altered," any evidence that the same, or the original thereof, was ever signed, sealed and filed by the

Circuit Judge, or either signed, sealed and filed by him. Richardson vs. State, 28 Fla., 349; 9 South. Rep., 704; Parrish vs. Pensacola & Atlantic R. R. Co., 28 Fla., 251; 9 South. Rep., 696. There is, it is true, quite a mass of papers, whose originals may have played an important part in the trial of the cause, but they have not been made a part of the record either by a bill of exceptions, or in the manner provided by the act of March 2d, 1877, (sec. 36, p. 338, McClellan's Digest,) and indicated above—the only two legal modes of doing it, and of authorizing us to consider them as charges offered, and given or refused.

In the absence of a bill of exceptions and of the entire testimony, no review can be made of the refusal of the motion for a new trial, the grounds of which, other than the matters considered above, were that the verdict was contrary to the charge of the court, and against the weight of and without evidence to support it, and alleged error of the court both in admitting and in rejecting evidence.

It is also objected that the verdict was rendered on Sunday. The jury returned into court on Sunday, November 2d, 1890, the case having been submitted to them the previous day, and rendered their verdict and were discharged, and thereupon the court adjourned until the next day at nine o'clock, on which latter day the prisoner moved for a new trial, and the same having been overruled, he was sentenced by the court to imprisonment in the State Penitentiary at hard labor for two years and a half. No valid judgment can, at

the common law, be rendered on Sunday, and any judgment actually pronounced or rendered on that day is void. Black on Judgments, sec. 182 ; Freeman on Judgments, sec. 138 ; Chapman vs. State, 5 Blackf., 111 ; Swan vs. Broome, 3 Burrow, 1595. The sentence or judgment in the case before us was not rendered on Sunday, and the law applicable to such a state of facts is consequently not in point. We find, however, that a verdict may be received and entered of record on Sunday. Nearly all the cases touching the question sustain the practice as being both lawful and proper. Ball vs. United States, 140 U. S., 118, 131 ; Baxter vs. State, 3 Gilman, 368 ; Van Riper vs. Van Riper, 4 N. J. Law (1 Southard), 176 ; State vs. Ricketts, 74 N. C., 187 ; State vs. Penley, 107 N. C., 808. See also Allen vs. Godfrey, 44 N. Y., 433 ; Huidkoper vs. Cotton, 3 Watts, 56 ; Hoghtaling vs. Osborn, 15 Johnson, 119. The general rule is, that judicial acts cannot be done on Sunday, but acts which are not judicial are not within the maxim : *dies dominicus non est juridicus*, and may be lawfully performed. Story vs. Elliott, 8 Cowen, 27; 18 Am. Dec., 423. In Mackalley's Case, 5 Coke, 65, it was resolved that though Sunday was not *dies juridicus*, and no judicial act could be done on it, yet that ministerial acts might be lawfully executed, and the objection that an arrest could not be made, was overruled. In Shaw vs. McCombe, as reported in 2 Bay, 232, (A. D. 1799) a new trial was granted by the Court of Appeals because the verdict was received on Sunday morning. In Heller vs. English, 4 Strobh. (Law), 486 (A. D. 1849), where McCombe vs. Shaw, (a

case in which no opinion was written,) is examined, and the report of it by Bay corrected and the term of the court shown to have expired, the decision of the Court of Errors, in the same State, was that the receipt and publication of a verdict on Sunday is a judicial act, but that where a court is directed to sit two weeks, and a jury retire before midnight of the first Saturday and return into court before daylight of Sunday, their verdict may be received and published, and that it seemed, both under the common law applicable to courts not bound by the terms at Westminster and under the statutes of South Carolina, that it might be received at midday of any Sunday included within the term, and that it also seemed that although Sunday, when mentioned in a statute, begins and ends as another civil day, yet to it, as a common law festival, and as a holy day established by the usage of various sects and Christians, common law prohibitions extend only from sunrise to sunset. In Davis vs. Fish, 1 G. Greene, 406, where the jury was charged, verdict returned and judgment rendered on Sunday, it was said that it is improper to even receive the verdict on Sunday ; but the settled doctrine is against this view, in so far as the mere receipt of the verdict and the entry thereof on that day ; Davis vs. Fish, 48 Am. Dec., 387, 392-3, note ; and the statutes of this State are not repugnant to this conclusion. Sec. 17, p. 813, McClellan's Digest. The result of the authorities is, that the receipt and record of a verdict on Sunday is not within the prohibition of the maxim mentioned above, and whatever the true reason for this may be, we feel satisfied that neither

good morals, the welfare of society, nor religion are offended by doing so, and relieving jurors from the restraints placed upon the usual and proper observance of the day by being detained in a jury room for no practical or beneficial purpose.

In reaching the conclusion announced in the above paragraph we have not invoked the aid of the written agreement appearing in the record, bearing date Saturday, November 1st, 1890, signed by the State Attorney and counsel for the prisoner, in which it is recited that the cause had been submitted to the jury under the charge of the court at a late hour of that day, and by which it is agreed that in the event the jury may be ready to render their verdict at any time on the following day, it may be received as if rendered on any other day of the week, and that no advantage or exception " can be taken by defendant by reason of such verdict having been rendered on the Sabbath day under this agreement."

The only other error assigned is, that it does not appear that the prisoner was asked by the circuit judge, upon being sentenced, if he had anything to say why sentence should not be passed upon him. In Keech vs. State, 15 Fla., 591, 609, where it was urged that there was error in not asking the defendant why sentence of *death* should not be pronounced against her, Randall, C. J., speaking for the court said : "It is laid down by Bishop that it is indispensably necessary that this ceremony should be observed in capital cases, and that it should appear of record that it was observed," and

the authorities cited sustain the conclusion ; but he further says that the utmost that may be asked on account of the omission of this ceremony is, "that the judgment be set aside and the prisoner remanded to the proper court to be dealt with according to law, the verdict standing unimpaired ;" or, in other words, for a re-sentence with an observance of the ceremony. It seems to be the view of the text books that only in cases where the sentence is death it is indispensable that the record should show affirmatively the observance of this formula. Wharton's Cr. Pl. & Pr., sec. 906 ; 1 Chitty's Crim. Law, 699, 700 ; 1 Bishop's Crim. Pro., 1118 (see also Ball vs. United States, 140 U. S., 118) ; and though there are American decisions which refuse to set aside the judgment, even in capital cases, on account of the failure of the record to show that the question was asked (see notes to Wharton and Bishop, *supra*), we find but two authorities (Safford vs. People, 1 Parker's Cr. Rep., 474, and Crim vs. State, 43 Ala., 55), holding that it is necessary that the record should show it in convictions of other or inferior offenses. In the following cases, not capital, it is at least held that the judgment or sentence will not be set aside on account of the omission : Grady vs. State, 11 Ga., 253 ; West vs. State, 2 Zab., 212, 229 ; State vs. Ball, 27 Mo., 324 ; State vs. Taylor, 27 La. Ann., 393 ; Jones vs. State, 51 Miss., 718 ; Spigner vs. State, 58 Ala., 421. Where the record shows, as it does here, that the prisoner was in court and represented by counsel who were present, and that a motion for a new trial was made and refused, and there is moreover no

error apparent, in the record for which the judgment can be arrested, it does look like child's play to send the case back for the purpose of asking a question to which there can be no answer that will change the prisoner's fate, and of having a new sentence pronounced. State vs. Johnson, 67 N. C., 55, 60, 61 ; Spigner vs. State, *supra*. The authorities do not call upon us to extend the rule applicable in capital cases, and we, in the absence of a meritorious reason, are not disposed to do so. Jones vs. State, 51 Mass., 721, 728. Doubtless if the question had been material to defendant, his counsel would have called the matter to the judge's attention, if it was in fact omitted, and due exception would have been taken had there been a refusal to ask the question.

The judgment is affirmed.