## Styles *v.* Harrison.

### (*Jackson.*　May 26, 1897.)

1. JUDGMENT.　*Rendered on Sunday is void.*
   A judgment rendered on Sunday is void.
   Cases cited and approved: Elrod *v.* Gray Lumber Co., 92 Tenn., 476; 3 Burr, 1595; 15 Nev., 146; 15 John., 115; 2 Bibb, 589; 1 Green, 406; 31 Vt., 147; 5 Black, 111.

2. MAXIMS.　*Sunday.*
   *Dies dominicus non est dies juridicus.*

FROM SHELBY.

Appeal in error from Second Circuit Court of Shelby County.　J. S. GALLOWAY, J.

WM. FITZGERALD for Styles.

J. S. DUVALL for Harrison.

BEARD, J.　The only question in this case is, Is a judgment rendered on Sunday in one of the Courts of this State valid?

It was a maxim of the common law that *dies dominicus non est dies juridicus.*　Broom's Maxims, 21; *Swann.* v. *Broome,* 3 Burr, 1595.　Accordingly, no valid judgment can be rendered on Sunday.　1 Black

on Judgments, Sec. 182; 1 Freeman on Judgments, 138; 24 Am. & Eng. Enc. L., 577; *Ex parte White,* 15 Nev., 146 (S. C., 37 A. R., 466). The cases all show that such a judgment is not simply erroneous, but is absolutely void. 1 Black, Sec. 182; *Houghtaling* v. *Osborne,* 15 John, 115; *Arthur* v. *Mosly,* 2 Bibb, 589; *Davis* v. *Fish,* 1 Green, 406; 48 Am. Dec., 391; *Blood* v. *Bates,* 31 Vt., 147; *Chapman* v. *State,* 5 Black, 111.

While now, for the first time, the question here considered has directly arisen in this State, yet, in the opinion of this Court in *Elrod* v. *Gray Lumber Co.,* 92 Tenn., 476, in distinguishing the statute under consideration in that case from a somewhat similar statute construed by the Supreme Court of Wisconsin, in *Lampe* v. *Manning,* 38 Wis., 676, this Court clearly indicated its opinion that Sunday was *dies non juridicus.*

It follows that the Circuit Judge was right in discharging from confinement the petitioners, who were illegally restrained of their liberty in the county workhouse, for the nonpayment of fines adjudged against them on Sunday, for alleged commission of certain misdemeanors, and his judgment is affirmed.