*In re* Clyde Devault, *Petitioner.*

No. 25,374.

CLYDE DEVAULT, *Petitioner*, v. A. D. SAMPSON, as Sheriff,
*Respondent.*

### SYLLABUS BY THE COURT.

1. HABEAS CORPUS—*A Justice of Peace Cannot Conduct a Trial on Sunday.*
   A justice of the peace has no authority to hold court or conduct a trial on
   Sunday.

2. SAME—*Accepting a Plea of Guilty and Pronouncing Sentence on Sunday
   Are Judicial Acts and Void.* The accepting of a plea of guilty by one
   charged with a misdemeanor, and entering judgment of sentence thereon
   are judicial acts, and void if performed on Sunday.

Original proceedings in *habeas corpus.* Opinion filed December 8, 1923.
Writ denied.

*Edwin Brown,* of Troy, for the petitioner.
*John P. Keeven,* county attorney, for the respondent.

The opinion of the court was delivered by

HOPKINS, J.: Clyde Devault seeks a release from the custody of
the respondent, A. D. Sampson, sheriff of Doniphan county, on the
ground that his commitment was based on void proceedings, be-
cause had on Sunday.

The petitioner was arrested on October 21, 1923, charged with
the killing and stealing, taking and carrying away, of two chickens.
He was brought before a justice of the peace at Highland, Kansas;
was arraigned; entered a plea of guilty; was sentenced to sixty days
in jail and to pay a fine of twenty-five dollars and costs; to stand
committed to the jail of Doniphan county until the time was served,
fine and costs paid, and was thereupon committed to the jail, all the
proceedings being had on Sunday.

The petitioner does not question the validity of the complaint,
nor the warrant, nor his arrest thereunder on Sunday, but contends
that the receiving of his plea and the judgment pronounced against
him on Sunday were void.

The respondent contends that, complaint having been filed with
the justice of the peace, it was the duty of the justice to forthwith
issue a warrant for the arrest of the petitioner; that, when petitioner
was brought before him, the justice of the peace was bound to forth-
with hear the cause, and, having heard it, it was his duty forthwith

58—114 KAN.

to sentence the defendant and commit him under the sentence. He also contends that, the petitioner waived any rights he may have had to now object to the proceedings by having entered his plea of guilty.

Section 8299 of the General Statutes of 1915 reads:

"When a complaint shall be made to a justice of the peace, on the oath or affirmation of a person competent to testify, charging any person with the commission of any misdemeanor, he shall forthwith issue a warrant for the arrest of such person, and cause him to be brought forthwith before him for trial. Such warrant shall be executed by the sheriff or constable of the county, or any person specially appointed in writing by the justice."

The petitioner, having been arrested and brought before the justice of the peace on Sunday, upon complaint and warrant, duly issued, were the further proceedings void, or irregular only? Did the petitioner waive his rights to now complain?

In *City of Parsons v. Lindsay,* 41 Kan. 336, 337, 21 Pac. 227, it was said:

"It is well settled that the verdict of a jury may be received on Sunday. (*Stone v. Bird,* 16 Kas. 488; *Reid v. The State,* 53 Ala. 402.) By some of the courts the reason assigned for the validity of such a verdict is that the rendition and receiving are a work of necessity; by others, that it is merely a ministerial act, and not within the prohibition relating to judicial acts on Sunday. (*Coleman v. Henderson,* 12 Am. Dec. 290, 295.) The acceptance of a verdict, however, is not equivalent to a judgment, but the rendition of a judgment thereon is a judicial act. By common law, Sunday is *dies non juridicus,* and therefore all judicial proceedings which take place on that day where the common law rule is in force are void. The common law rule of the invalidity of judicial proceedings on Sunday is impliedly recognized by the provisions of our statute. (*Blair v. Shew,* 24 Kas. 280; *Morris v. Shew,* 29 id. 661.) The common law, as modified by constitutional and statutory law, judicial decisions, and the condition and wants of the people, is enforced in this state in aid of the general statutes. (Comp. Laws of 1885, ch. 119, § 3.) After midnight of the 10th day of November, 1883, another day (Sunday) had commenced—a day not judicial, and one on which the courts are not authorized to render judgments. The judgment being void, it can not be enforced or sustained. (*Blood v. Bates,* 31 Vt. 147; *Allen v. Godfrey,* 44 N. Y. 433; *Chapman v. State,* 5 Blackf. 111; *Arthur v. Mosby,* 2 Bibb [Ky.], 589.)"

In 25 R. C. L. 1449, it was said:

"The rendition of a judgment is generally regarded as a judicial act which cannot be performed on Sunday unless expressly authorized by statute."

In 37 Cyc. 583, the rule is thus stated:

"It is universally recognized that, at common law, Sunday is *dies non juridicus.*"

And, again, on pages 588, 589:

"In the absence of a permissive statute a judge or magistrate has no authority to hold court or conduct a trial on Sunday . . . As the rendition of a judgment or order or decree is a judicial act, it is void when done on Sunday." ·

In *Baxter v. The People*, 8 Ill. 368, it was said:

"A jury, in a trial for murder, returned a verdict of guilty into court, against the accused, and the court pronounced a judgment thereon on Sunday: Held, that the verdict was properly received, but that the judgment of the court was absolutely null and void." (Syl.)

In the opinion it was said:

"Had the court a right to receive the verdict and pronounce judgment on Sunday? The courts have no right to pronounce a judgment, or do any other act strictly judicial on Sunday, unless expressly authorized by statute, seems to be too well settled to admit of a doubt by the decisions in England and in this country. . . . The question seems to have been frequently before the English courts, and the courts of most of the states of the Union, and the decisions are very uniform, that a judgment cannot be entered of record on Sunday. See 5 Coke, 66; 1 Strange, 380; 13 Mass. 347; 5 Blackf. 111; 6 Ala. 200; 4 N. Hamp. 158; 2 Bibb. 589; 8 Cowen, 27; 1 Wend. 57. The cases all show that a judgment entered of record on Sunday is not only erroneous, but is absolutely void." (pp. 384, 385; see, also, *Wallace v. The People,* 159 Ill. 446, 453; *Scammon v. The City of Chicago,* 40 Ill. 146, 148; *Stone v. United States,* 167 U. S. 178, 195; *Ball v. United States,* 140 U. S. 118, 131; *State v. Keatine,* 130 La. 434; Note 39 L. R. A., n. s., 844.)

It is clear that the receiving of petitioner's plea and entering of judgment thereon by the justice of the peace were void. Being void, he did not waive his right to attack the proceedings. What should have been the procedure under the circumstances, and is the petitioner entitled to be discharged?

Section 8301 of the General Statutes of 1915 reads:

"On the return of any warrant issued by him it shall be the duty of the justice, unless continuance be granted, forthwith to hear the cause."

Section 8302 of the General Statutes of 1915 reads:

"Upon good cause shown the justice may postpone the trial of any cause to a day certain, in which case he shall require the defendant to enter into a recognizance with sufficient security, conditioned that he will appear before the justice at the time and place appointed, then and there to answer the complaint alleged against him."

Under all of the circumstances there was good cause why the justice of the peace should have postponed the trial. This could have been done without prejudice to the rights of the parties. The

petitioner has a right to enter into a recognizance for his appearance on the day named.

Section 8303 of the General Statutes of 1915 provides:

"If the defendant shall fail or refuse to enter into recognizance, the justice shall commit him to the jail of the county, there to remain until the day fixed for the trial."

The record discloses no request on the part of the petitioner to be admitted to bail, and since he was brought before the justice of the peace on a warrant, regularly issued, and the proceedings before such justice were void, the petitioner is in exactly the position of one who has failed or refused to enter into a recognizance for his appearance. He was properly committed to jail, not under a valid sentence, but for failure to enter into a recognizance for his appearance. Under the circumstances, he is entitled to a trial and is entitled to give bond for his appearance at any reasonable time which may be fixed by the justice of the peace for his trial.

The writ is denied and the petitioner remanded.

HARVEY, J. (dissenting in part): I agree with the principles of law stated in the syllabi, but think the writ should be allowed instead of denied. Our statute requires that the petitioner be discharged when his restraint is illegal (Gen. Stat. 1915, §§ 7619, 7630). The record shows that the court received the plea, pronounced sentence of a term in jail and a fine, and issued a committment to the sheriff commanding him to restrain the petitioner for the term of the jail sentence and until the fine and costs are paid. All of this was done on Sunday and hence void. The sheriff is holding the petitioner under this void commitment; it is the only authority he claims to have. Restraint under a void committment being illegal, the statute requires the petitioner's discharge.